UNITED STATES

v.

**Staff Sergeant Stephen L. WEBSTER, FR 363–48–6635 49th Field Maintenance Squadron Ninth Air Force (TAC).**

**ACM 21834.**

U. S. Air Force Court of Military Review.

31 July 1975.

Appellate counsel for the Accused: Colonel William E. Cordingly and Major Bruce R. Houston.

Appellate counsel for the United States: Colonel C. F. Bennett and Captain Frederick P. Waite.

DECISION

HERMAN, Judge:

The accused was tried by a general court-martial, consisting of members, for sixteen

specifications of a charge under Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, in violation of the provisions of Air Force Regulation 30–19, by possession, sale, transfer and use of marihuana, lysergic acid diethylamide (LSD), and hashish. He was acquitted of the five specifications alleging LSD offenses, convicted of the remaining eleven, and sentenced to dishonorable discharge, confinement at hard labor for five years, total forfeitures and reduction to airman basic. The convening authority reduced the sentence to bad conduct discharge, confinement at hard labor for one year, total forfeitures and reduction to airman basic.

Appellate defense counsel have assigned two claims of error on behalf of the accused. The first asserts:

THE EVIDENCE IS INSUFFICIENT TO SUSTAIN ANY FINDINGS OF GUILTY.

Counsel argue that the uncorroborated testimony of the accused's accomplice, Airman Passno, who was the principal witness for the prosecution, is unworthy of belief. Our reading of the testimony of Airman Passno does not reveal any basic inconsistencies, contradictions, uncertainties or improbabilities with respect to the offenses charged. Manual for Courts-Martial, 1969 (Rev.), paragraph 153a.

■ Despite the fact that Airman Passno is a confessed drug user and seller of long standing, had been granted immunity from prosecution, and readily admitted that it is possible he would lie to keep his freedom, his testimony demonstrates nothing but the height of candor, consistency, certainty and probability with respect to the offenses charged. We are aware of the inherent weakness of accomplice testimony, and we also recognize that the members of the court saw and heard the witness. Uniform Code of Military Justice, Article 66(c), 10 U.S.C. 866(c). Considering the entire record, we agree with the conclusions reached in the post-trial review of the staff judge advocate, that Passno's testimony was essentially truthful and sufficient to prove, beyond a reasonable doubt, the accused's guilt of the offenses of which he was convicted.

In their second assertion of error, appellate defense counsel contend:

THE ARTICLE 32 INVESTIGATION WAS INADEQUATE IN THAT ALL OF THE GOVERNMENT'S EVIDENCE WAS PRESENTED IN THE FORM OF A WRITTEN STATEMENT OF ITS KEY WITNESS (AIRMAN PASSNO), WHEN PASSNO WAS PRESENT BUT REFUSED TO TESTIFY, THEREBY DENYING APPELLANT THE RIGHT OF CROSS-EXAMINATION.

At the time of the Article 32, 10 U.S.C. § 832 investigation, Airman Passno had not yet been granted immunity from prosecution by the convening authority. He asserted his rights under Article 31, 10 U.S.C. § 831, Code, supra, when the investigating officer attempted to interview him. As a result, the investigating officer used the sworn statement Airman Passno furnished to the Office of Special Investigations.

The Manual for Courts-Martial, 1969 (Rev.), paragraph 34d, provides:

To the extent required by fairness to the Government and the accused, documentary evidence and statements of witnesses who are not available will be shown . . . to the accused and, if counsel has been requested, to his counsel. Upon objection by the accused or his counsel, statements of unavailable witnesses which are not under oath or affirmation will not be considered by the investigating officer.

■ Airman Passno's statement was sworn; therefore, the only issue is whether he was "unavailable" so that the statement could be used by the investigating officer, after being shown to the accused or his counsel. Certainly, appellate defense counsel would not contend that the investigating officer may require the witness to answer questions under oath in spite of the prohibitions of Article 31. Nor would it be fair to the Government to require a grant of immunity to a witness *before* the convening authority had all other available evidence

before him, so that he might evaluate the necessity of the testimony of this witness for the successful prosecution of the offense.

In *United States v. Houghton*, 31 C.M.R. 579 (A.F.B.R. 1961), aff'd 13 U.S.C.M.A. 3, 32 C.M.R. 3 (1962), the wife of an accused asserted the privilege not to testify against her husband at an Article 32 investigation, and her sworn statement was considered by the investigating officer. The Air Force Board of Review's reasoning is particularly appropriate in the case before this Court:

> . . . [I]t is at times necessary for him to consider the testimony of a prospective witness who is not before him, through means of sworn statements previously made by the witness. . . . We see no grounds for distinguishing the wife here from any other witness who declines to testify and is thus "unavailable". . . . Nor do we think that the likelihood that the privilege would be asserted at trial precludes the convening authority from considering the document. Though this might be considered by him in deciding which parts of the file before him were apt to be available to the government in admissible testimony at the time of trial, the question of whether the privilege would be claimed or not could be determined only at trial.

See also *United States v. Henry*, No. 21800, 50 C.M.R. 685 (A.F.C.M.R. 23 June 1975).

We hold that if a witness present at an Article 32 investigation refuses to give testimony, relying upon a right or privilege not to do so, he is "not available" within the meaning of paragraph 34*d*, Manual, supra, and a previously executed sworn statement by such witness may be considered by the investigating officer and convening authority.

The findings of guilty and the sentence are

Affirmed.

ROBERTS, Senior Judge, and FORAY, Judge, concur.