**UNITED STATES, Appellee,**

v.

**Donald L. CHESTNUT, Sergeant, U. S. Air Force, Appellant.**

No. 32,547.
ACM 21987.

U. S. Court of Military Appeals.

Dec. 16, 1976.

*Colonel Jerry E. Conner, Colonel Robert W. Norris*, and *Captain Kenneth R. Powers* were on the pleadings for Appellant, Accused.

*Colonel Julius C. Ullerich, Jr.*, and *Major John A. Cutts, III,* Washington, D. C., were on the pleadings for Appellee, United States.

Opinion of the Court

FLETCHER, Chief Judge:

The appellant was convicted of larceny and rape in violation of Articles 121 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 920, respectively. The sole question for our consideration is whether the trial judge erroneously failed to grant the appellant's motion to reopen the Article 32 investigation and to order the live appearance of a Government witness, in this instance the prosecutrix. Analysis of the evidence of record and our recent decision of *United States v. Ledbetter*, 2 M.J. 37 (1976), leads us to conclude that the trial judge erred.

The pertinent facts are not contested. The appellant was charged with raping a Miss Link, a German national, on May 1, 1975. Miss Link subsequently identified

the appellant as her assailant, and executed a sworn statement to the prosecution in which she confirmed both this identification and her ability to testify at any upcoming trial.

At the Article 32 investigation, the defense repeatedly requested the presence of Miss Link for cross-examination, and objected to the investigating officer's decision to instead rely upon her sworn statement. That officer stated that as this witness was employed in Boppard, West Germany, approximately 50 miles from the base, he did not consider her available. He declined either to conduct the hearing in Boppard, or to conduct a session after her working hours. More importantly, at no point did he state that Miss Link had refused to come to the hearing, or that she had even been contacted about the matter. The officer considered her sworn statement and the remaining evidence sufficient to establish in his mind that she could identify Sergeant Chestnut as her assailant,[1] and that he was the perpetrator of the rape.

The objection was renewd at trial, and the trial judge denied the defense motion for a new Article 32 investigation and pretrial advice. The trial judge apparently agreed with the investigating officer that this witness was unavailable because of both her civilian status, and the fact that she was employed 50 miles from the site of the hearing. He further commented on the fact that the defense ultimately was able to interview Miss Link prior to trial, but he denied the defense motion for a continuance

to take Miss Link's deposition once he was informed by the prosecution that she was presently at the base to testify at the trial.[2] The defense after renewing its objection to proceeding to trial without an opportunity to examine the prosecutrix under oath, agreed to the commencement of trial.

We conclude that the trial judge improperly resolved the matter before him. Assumptions of this witness' unavailability, rather than evidence demonstrating circumstances or exigencies warranting the excusal of Miss Link from the Article 32 hearing, were utilized. In adopting the investigating officer's assumption of unavailability,[3] the trial judge failed to discharge his judicial function, and thereby compelled the defense to proceed to trial in a rape case without having examined the prosecutrix under oath prior to trial. This error requires reversal as to the charge affected. *United States v. Ledbetter, supra; see United States v. Donaldson*, 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975).[4]

The decision of the United States Air Force Court of Military Review as to the findings of Charge I and the sentence is reversed. The record of trial is returned to the Judge Advocate General. A rehearing may be ordered if the same or differing convening authority deems such a course of action appropriate after completion of a new Article 32 investigation and pretrial advice.

Judge PERRY concurs.

---

1. Ironically, Miss Link could not identify Sergeant Chestnut as her assailant at trial.

2. The trial judge thus refused to allow the defense to examine this witness under oath at the Article 32 hearing because of her "unavailability," and yet, also refused to allow the defense a continuance to take her deposition before trial because of her then "availability." Such an approach can hardly be said to comport with a meaningful concept of full discovery as established in the military justice system.

3. This assumption is not even supported by the evidence of record which established that Miss Link voluntarily appeared at Hahn Air Base on two separate occasions to assist the prosecution of the case. The first was to participate in a pretrial identification of the appellant at his

unit dining hall and the second was to testify at trial. Further, Miss Link stated in her sworn statement utilized by the investigating officer that she would be "available to testify in the event of a court-martial." These factors when coupled with the absence of proof of efforts to secure Miss Link's presence at the Article 32 hearing compel the conclusion that her absence was neither reasonable nor unavoidable.

4. This Court once again must emphasize that an accused is entitled to the enforcement of his pretrial rights without regard to whether such enforcement will benefit him at trial. Thus, Government arguments of "if error, no prejudice" cannot be persuasive.

COOK, Judge (concurring in part and dissenting in part):

In my dissent in *United States v. Ledbetter*, 2 M.J. 37, 55 (1976), I referred to the legislative background of Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832, suggesting that unavailability of a witness for personal examination could result from the witness' "presence . . . at a place distant from that of the Article 32 hearing"; and, that by analogy to the deposition procedure provided by Article 49(d)(1), UCMJ, 10 U.S.C. § 849(d)(1), a distance beyond 100 miles from the place of the hearing was sufficient to support a determination of unavailability. Here, the witness was only 50 miles from the place of hearing. By itself that distance is insufficient to establish unavailability. As the principal opinion points out, the witness voluntarily appeared at the base on two separate occasions, and there is no evidence to indicate that she would have refused to appear voluntarily for the hearing, if requested. Consequently, while a foreign civilian witness may not readily be amenable to compulsory process for appearance at a court-martial trial, that circumstance was not a factor in this case. I conclude, therefore, that this case is different from *Ledbetter*, and that the determination of unavailability of the witness by the Article 32 investigating officer was erroneous and should have been corrected by the trial judge.

In *Ledbetter*, I observed that, if a witness requested by the accused at an Article 32 hearing is determined to be unavailable, there are at least two courses open to him to examine the witness. He may proceed by deposition under Article 49 of the Uniform Code or he can examine the witness "informally." 2 M.J. at 55. I further noted that if defense counsel is unable to pursue either course, and is, at trial, unprepared to cross-examine the witness, he can "properly apply for a continuance for that purpose." *Id.* Here, defense counsel "extensively" interviewed the witness informally before trial. The exact time does not appear, but there are indications in the record from which, I believe, it can reasonably be inferred that if defense counsel had believed his informal examination of the witness was insufficient, he had more than ample time to have applied for the taking of her deposition before the scheduled date of trial. In my opinion, his application on the day of trial for a continuance for the purpose of taking the deposition was untimely by any standard. Moreover, when shortly before 10:30 a. m., trial counsel informed the court that the witness was expected at the courtroom at about 11 o'clock, the trial judge offered defense counsel a continuance so that he could again examine her informally. He specifically asked defense counsel how long a time he wanted: "three hours," "five hours," or "[a] day." Defense counsel responded: "one hour . . would be sufficient," although he added that such further interview would be a "poor substitute for the right to cross-examine her under oath." A recess was taken from 10:30 a. m. to 1:16 p. m. When court reconvened, the defense counsel acknowledged that he had interviewed the witness and he was "ready to go to trial." I conclude that the trial judge properly denied the defense request for a continuance for the purpose of taking a deposition of the witness.

For the reason indicated in the first paragraph of this opinion, I join in the disposition directed by the majority.