UNITED STATES

v.

Frank V. JACKSON, 476 68 9571, Private (E–1), U. S. Marine Corps.

NCM 76 1667.

U. S. Navy Court of Military Review.

16 March 1977.

LT Howard L. Schwartz, JAGC, USNR, Appellate Defense Counsel.

CAPT Charles P. Mackin, Jr., USMCR, Appellate Government Counsel.

Before CEDARBURG, C. J., BAUM and GLASGOW, JJ.

GLASGOW, Judge:

This is a companion case to *United States v. Furne*, No. 76 1216 (N.C.M.R. 17 August 1976 and 31 January 1977).

Contrary to his plea, the appellant was found guilty of aggravated assault (two counts), attempt to rob (two counts), conspiracy to rob, possession of an unregistered revolver and carrying a concealed weapon. The sentence to a dishonorable discharge, confinement at hard labor for five years and total forfeitures has been approved on review below.

The appellant assigns the following as errors:

I

THE STAFF JUDGE ADVOCATE WAS DISQUALIFIED FROM PARTICIPATION IN THE POST-TRIAL REVIEW.

II

THE MILITARY JUDGE ERRED IN ALLOWING THE APPELLANT'S PRETRIAL STATEMENT TO BE PLACED BEFORE THE MEMBERS.

III

THE MILITARY JUDGE, OVER A TIMELY OBJECTION, ALLOWED THE GOVERNMENT TO PRESENT IMPROPER REBUTTAL EVIDENCE.

IV

THE SENTENCE IS INAPPROPRIATE WHEN VIEWED IN COMPARISON WITH THE SENTENCE APPROVED BY THIS HONORABLE COURT IN THE COMPANION CASE OF *UNITED STATES V. FURNE*, NO. 76 1216 (31 January 1977).

It appears that co-actor Furne was called as a witness before the Article 32, UCMJ, 10 U.S.C. § 832, investigation, answered some routine questions, and declined to answer questions pertinent to the alleged offenses. The scope of the interrogation of Furne at that time is shown in Defense Exhibit A. The pretrial investigating offi-

cer denied the defense request that Furne be directed to testify. At trial the defense moved, unsuccessfully, for a new Article 32 investigation on the grounds, *inter alia,* that it had been denied the right to cross-examine Furne. (R. 25, 26). The record shows that the pretrial investigating officer denied the defense motion to direct Furne to testify, on the advice of the staff judge advocate. Appellate defense counsel contends that the staff judge advocate was thus disqualified to make the post-trial review and determine the correctness of his earlier advice. He cites *United States v. Engle,* 24 U.S.C.M.A. 213, 51 C.M.R. 510, 1 M.J. 387 (1976), and requests that we return the case for new reviews. We make no ruling on this contention or the other assignments in view of the action required by the rule in *United States v. Ledbetter,* 25 U.S.C.M.A. 51, 54 C.M.R. 51, 2 M.J. 37 (1976).

On its own motion this Court requested briefs on the following issue:

WHETHER THE APPELLANT WAS IMPROPERLY DENIED THE RIGHT TO CROSS-EXAMINE GOVERNMENT WITNESS FURNE PRIOR TO TRIAL.

Government counsel contends that Furne had a legal right to refuse to answer incriminating questions at the pretrial investigation, as his own trial was then pending, and that it was proper for Furne's sworn statement to have been considered by the investigating officer. We agree and find the pretrial investigation, as it was conducted, to have been correct. However, at trial, after it had been determined by the trial judge that Furne would testify, the defense motion to reopen the pretrial investigation and accord the defense his right to fully cross-examine Furne was denied. It is this denial that causes our concern.

In *United States v. Ledbetter, supra,* the Court of Military Appeals found prejudicial error because the accused was denied the right to cross-examine the key government witness prior to trial. There, the witness was far (twelve thousand miles) away from the site of the pretrial investigation, but was present at the court-martial and de-

fense counsel did interview him prior to trial. In *United States v. Chestnut,* 25 U.S. C.M.A. 182, 54 C.M.R. 290, 2 M.J. 84 (1976), the accused was denied his request for pretrial confrontation and cross-examination of a government witness. There, the witness was a civilian and resided about 50 miles from the site of the investigation and trial. The Court of Military Appeals determined that it was prejudicial error for the trial judge to require trial to proceed without the defense having been granted an opportunity to confront the witness under oath.

In the case *sub judice,* Furne was a key government witness. He was not only a co-actor in the crimes but reputed to be a prime mover in the conspiracy. Furne was unavailable for full cross-examination at the pretrial investigation due to his refusal to answer certain questions on the grounds of self-incrimination. It was also shown that Furne declined to answer defense counsel's questions at an interview a day or two before this trial. It was determined by the trial judge that Furne's court-martial had been held subsequent to the pretrial investigation in this case and that Furne would testify freely at appellant's trial. Although different in some degree, we do not distinguish this case from *United States v. Ledbetter, supra,* or *United States v. Chestnut, supra.* Under the circumstances, the trial judge's denial of the appellant's motion for further proceedings under Article 32, permitting him the right to cross-examine a key prosecution witness, Furne, denied the appellant a substantial right and reversal is required. *United States v. Ledbetter, supra; United States v. Chestnut, supra; United States v. Samuels,* 10 U.S.C. M.A. 206, 27 C.M.R. 280 (1959); *United States v. Mickel,* 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958); *United States v. Cox,* 48 C.M.R. 723 (A.F.C.M.R.1974); *United States v. Adams,* No. 75 2965 (N.C.M.R. 7 March 1977).

The findings and sentence are set aside and the case is returned to the convening authority. A rehearing may be ordered, if

deemed appropriate after a new Article 32 investigation and pretrial advice.

Chief Judge CEDARBURG and Judge BAUM concur.