## UNITED STATES

### v.

**Sergeant Donald L. CHESTNUT, FR 259–86–8462, 10th Tactical Fighter Squadron, United States Air Forces in Europe.**

### ACM 21987 (reh).

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 March 1977.

Decided 15 Nov. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Kenneth R. Powers, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, FORAY and HERMAN, Appellate Military Judges.

## DECISION UPON REHEARING
FORAY, Judge:

Our original decision in this case affirmed the approved findings of guilty and the sentence. *United States v. Chestnut,* No. 21987 (unpublished) (A.F.C.M.R. 12 April 1976). The accused had been convicted, contrary to his pleas, of rape and larceny, in violation of Articles 120 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 921. The approved sentence extended to dishonorable discharge, confinement at hard labor for five years, total forfeiture, and reduction to the grade of airman basic.

Upon petition of the accused, the Court of Military Appeals granted a review of the case. In their decision, the Court reversed the decision of this Court as to the findings of guilty of the rape offense and the sentence. *United States v. Chestnut,* 54 C. M.R. 290, 2 M.J. 84 (1976). They found that the military judge at trial erred to the prejudice of the accused by failing to grant the defense motion to reopen the Article 32 investigation and order the live appearance of the prosecutrix of the rape offense.[1] The Court's mandate also contained the provision that a rehearing could be ordered by the same or different convening authority if such course of action was deemed appropriate after the completion of a new Article 32 investigation and pretrial advice. That was accomplished and a rehearing was held.[2] The record of trial is once again before us for our review.

Appellate defense counsel submit two claims of error for our review. One of the claims warrants discussion and the other we find to be without merit. The claim we discuss avers:

> APPELLANT WAS DENIED HIS RIGHT UNDER ARTICLE 32, UCMJ, TO CONFRONT AND CROSS–EXAMINE THREE WITNESSES.

An account of the pertinent facts regarding the rehearing proceedings had in this case will place this claim of error in perspective.

On 2 February 1977, at Hahn Air Base, Germany, pursuant to the decision of the Court of Military Appeals, an officer was appointed to conduct an Article 32 investigation into the rape offense. On 7 February, the investigating officer submitted his completed report of investigation to the officer who had appointed him. The report reveals that during the course of the investigation Government counsel offered as evidence the former testimony[3] given by three witnesses who appeared and testified at the original trial of the accused. The former testimony was that of Sergeant Thomas A. Tatalajski, Sergeant Peter L. Heitmann, and, his wife, Jutta Wittig Heitmann.[4] Tatalajski was the Office of Special Investigations' agent involved in that office's investigation into the rape offense, and Heitmann and his wife were with the victim of the offense during certain times both immediately before and after the offense was committed.

Government counsel represented that the three witnesses were unavailable for the investigation as Tatalajski was then at Andrews Air Force Base, Maryland, and Heitmann and his wife were then at Tinker Air Force Base, Oklahoma. Counsel claimed

---

1. The investigating officer assumed the prosecutrix was unavailable as a witness because she was employed at a place some fifty miles away. He, therefore, relied on the sworn statement she had previously executed.

2. The accused was convicted, contrary to his pleas, of the offense of rape. The approved

sentence extends to confinement at hard labor for three years and reduction to airman basic.

3. Manual for Courts-Martial, 1969 (Rev.), paragraph 145*b*.

4. The Heitmanns were married to each other subsequent to the first trial of this case.

that the distance the witnesses were from the situs of the investigation and the additional fact of Mrs. Heitmann's nonamenability to a subpoena made these witnesses unavailable for the investigation. Counsel for the accused objected to the investigating officer's consideration of the former testimony of these witnesses and requested they appear in person to testify under oath and be subject to cross-examination.

The former testimony of the witnesses was considered by the investigating officer in lieu of their personal appearances as witnesses. His report of investigation contained the concise conclusion that the three witnesses were unavailable at the time of the investigation due to being, at that time, at the places previously indicated.

The completed report of investigation was forwarded to the general court-martial convening authority who subsequently ordered a rehearing by a general court-martial of the charge and specification alleging the offense of rape.

The rehearing of the charge and specification was convened as ordered, and immediately after the arraignment trial defense counsel moved for appropriate relief. Manual for Courts-Martial, 1969 (Rev.), paragraph 69. The relief sought was to reopen the Article 32 investigation, to require the presence of the witnesses Tatalajski and the Heitmanns, and to allow the accused's counsel to cross-examine the witnesses under oath. Trial defense counsel correctly argued in support of the motion that there was no showing at the Article 32 investigation that these witnesses were requested to appear, that they were unwilling to appear even if requested, or that military necessity or other good reason prevented them from appearing at the investigation. The military judge denied the motion and the rehearing continued.

It was the failure of the witnesses Tatalajski and the Heitmanns to appear at the Article 32 investigation which forms the basis for the appellant's claim that he was denied his "right under Article 32, UCMJ, to confront and cross-examine" them. Specifically, appellant's claim of error rests upon one of the provisions of Article 32(b), Code, supra. The part of that provision pertinent to his claim is:

At that investigation full opportunity shall be given to the accused to cross-examine witnesses against him if they are available  .   .   . .

■ It is well settled that the Article 32 investigation serves a two fold purpose. It provides the accused with a discovery vehicle and insures against a trial upon baseless charges. *United States v. Samuels,* 10 U.S. C.M.A. 206, 27 C.M.R. 280 (1959), *United States v. Ledbetter,* 54 C.M.R. 51, 2 M.J. 37 (1976); *United States v. Lemons,* 49 C.M.R. 521 (A.F.C.M.R.1974), rev'd on other grounds, 23 U.S.C.M.A. 412, 50 C.M.R. 294, 1 M.J. 34 (1975). See Hearings Before the House Armed Services Committee on HR 2498, 81st Congress, 1st Session, pp. 996–1000.

■ Discovery may be provided an accused in alternative ways absent the appearance of adverse witnesses at the Article 32 investigation. Unequivocally, the most valuable discovery tool available to an accused is the opportunity to cross-examine any witness who personally appears at the pretrial investigation to testify against him. However, the full opportunity afforded an accused to cross-examine any witness against him is conditioned upon the availability of the witness to appear and testify. Article 32(b), Code, supra; Manual for Courts-Martial, supra, paragraph 34d.

Recently, the Court of Military Appeals stated in their decision in *Ledbetter:*

This is the first occasion, however, in which this Court squarely has faced the difficult. question of determining the meaning of the word "available" as it is used in Article 32(b) to specify the witnesses whom the accused is entitled to cross-examine during the pretrial investigation. In *United States v. Davis,* 19 U.S.C.M.A. 217, 41 C.M.R. 217 (1970), we rejected the notion that a serviceman's availability to testify at trial could be measured solely in terms of miles from the situs of trial. That rationale, it appears to us, is equally appropriate here

even though the statutory standard of confrontation of Article 32 investigations differs from the constitutional standard applicable to criminal trials. (Interim) 54 C.M.R. at 60, 2 M.J. at 43.

There, the Court indicated it believed the notion of availability incorporated within Article 32 "requires a balancing of two competing interests." The Court went on to explain:

The significance of the witness' testimony must be weighed against the relative difficulty and expense of obtaining the witness' presence at the investigation. Id. at 61, 2 M.J. at 44.

In *Ledbetter,* the accused had requested the presence of the Government's key witness against him at the Article 32 investigation. The request was denied and, instead, the investigating officer considered that witness's previously executed sworn statements. At his trial, the accused renewed his request for the witness by moving to reopen the Article 32 investigation. The *military judge denied the motion.*

The Court of Military Appeals held the military judge had erred to the prejudice of the accused in failing to grant the accused's motion to reopen the Article 32 investigation and to order the appearance of the key Government witness. Under the factual circumstances of the case, there had been no showing that the witness, who was subject to military orders, was unavailable due to military exigencies or other extraordinary circumstances, thus warranting his excusal from appearing as a witness. Additionally, the Court said the witness was the main prosecution witness, and his testimony and the accused's right to cross-examine him were extremely critical in order to afford both the investigating officer and the convening authority sufficient information to carry out their statutory responsibilities. *United States v. Ledbetter,* supra.

In the case before us, the relevant factual situation parallels that in *Ledbetter* in many respects. Here, too, the requested witnesses were located a substantial distance from the situs of the Article 32 investigation. Also, as in *Ledbetter,* there was no showing that at the time of the pretrial investigation the witnesses' excusal from appearing was warranted by military exigencies or other extraordinary reasons.

■ We do find certain factors present, however, which were not present in *Ledbetter.* One of the witnesses, Tatalajski, testified under oath at the original Article 32 investigation, was confronted by the accused, and cross-examined by his counsel. The other witnesses, the Heitmanns, did not appear at the original investigation, and the accused made no request for their appearance nor did he object to their absence. Each of the three witnesses requested by the accused at the second pretrial investigation had previously appeared and testified under oath at the accused's first trial. Each was confronted by the accused and cross-examined by his counsel. It was this former testimony considered by the investigating officer at the second investigation in lieu of the personal appearance and testimony of those witnesses of which the accused complains.

Under the circumstances of this case as set forth above, we do not find the accused was "denied his right under Article 32, UCMJ, to confront and cross-examine three witnesses." He confronted and cross-examined Tatalajski at the initial pretrial investigation and again at the first trial of this case. He also confronted and cross-examined the Heitmanns at the first trial. Although he was not afforded the same opportunity concerning the three witnesses at the second Article 32 investigation, he already had been provided extensive discovery at the two prior proceedings had in the case. In this regard, it is notable that nothing was advanced by trial defense counsel in support of his motion to show what evidence would have been obtained from the witnesses which would have been significantly in addition to or different from that already obtained. Assuming the three witnesses were "key witnesses", we find the procedures followed did afford the accused his statutory right to cross-examine and did provide the second investigating officer and the convening authority suffi-

cient information from which they were able to perform their statutory duties. *United States v. Ledbetter,* supra; *United States v. Chestnut,* supra; *United States v. Jackson,* 3 M.J. 597 (C.M.A.1977).

Accordingly, we find the military judge did not err to the prejudice of the accused in failing to grant his motion to reopen the Article 32 investigation.

The findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and HERMAN, Judge, concur.

