UNITED STATES, Appellee,

v.

Sergeant First Class James N. THOMAS, SSN 370–32–8346, United States Army, Appellant.

CM 436839.

U. S. Army Court of Military Review.

26 April 1979.

---

Major Benjamin A. Sims, JAGC, Captain Willard E. Nyman III, JAGC, and Captain James Recasner, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, and Major David McNeill, Jr., JAGC, were on the pleadings for appellee.

Before DeFIORI, CARNE and THOR-NOCK, Appellate Military Judges.

OPINION OF THE COURT

DeFIORI, Chief Judge:

Contrary to his pleas, appellant was found guilty of conspiracy to sell marihuana and of the wrongful possession, transfer, and sale of marihuana. The convening authority approved a sentence of a dishonorable discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to the grade of Private (E–1).

I

We first give consideration to appellant's assertion that the military judge erred by failing to order that the Article 32[1] investigation be reopened. Trial defense counsel moved for the reopening of the investigation so that a witness named Evans could testify. The defense contended that Evans was an informant for the CID and that certain of his actions while working in that capacity amounted to the entrapment of the appellant. Evans had been transferred from the Federal Republic of Germany (the situs of the offenses, the investigation, and the trial) to the United States pursuant to a routine reassignment. Trial defense counsel's initial request for the production of Evans as a witness had been denied by the Article 32 Investigating Officer on the ground that Evans was unavailable.[2] Although the defense claimed that the Article 32 investigation was resultantly deficient, it did not seek to summon Evans as a witness on the merits at appellant's court-martial.

The test for determining whether an absent witness is "unavailable" to testify at an Article 32 investigation is whether the significance of the witness' testimony outweighs the relative difficulty and expense of obtaining the witness' presence at the investigation. *United States v. Chestnut*, 2 M.J. 84 (C.M.A.1976); *United States v. Ledbetter*, 2 M.J. 37 (C.M.A.1976). Although recent appellate decisions have focused on situations where the absent witness was one of the key witnesses for the prosecution,[3] we do not think that the question of availability depends on which side is benefitted by the witness' testimony. The Article 32 investigation "operates as a discovery proceeding for the accused and stands as a bulwark against baseless charges,"[4] and we believe that the balancing test set out above must be employed to determine the availability of a witness for either side whose presence is requested in furtherance of those purposes. Nevertheless, when the witness sought is not one to be called by the prosecution at trial, the defense properly may be required to provide information on which a determination of the significance of the witness' testimony may be based.[5]

The trial defense counsel in the instant case failed to present either the investigating officer or the trial judge with any information concerning the significance of Evans' testimony that would tend to outweigh the obvious delay and expense which would have been occasioned by returning him to Germany.[6] It is apparent from the record of trial and the record of the Article 32 proceedings[7] that the trial defense coun-

---

1. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832.

2. The record does not disclose whether there was compliance with paragraph 34*d*, Manual for Courts-Martial, 1969 (Revised edition) in requesting the witness.

3. *United States v. Cumberledge*, 6 M.J. 203 (C.M.A.1979); *United States v. Cruz*, 5 M.J. 286 (C.M.A.1978); *United States v. Chuculate*, 5 M.J. 143 (C.M.A.1978); *United States v. Chestnut*, 2 M.J. 84 (C.M.A.1976). *See also United States v. Jackson*, 3 M.J. 597 (N.C.M. R.), *affirmed*, 3 M.J. 206 (C.M.A.1977).

4. *United States v. Ledbetter, supra*, at 43; *United States v. Samuels*, 10 U.S.C.M.A. 206, 212, 27 C.M.R. 280, 286 (1959).

5. Paragraph 115*a*, MCM, 1969 (Rev.).

6. There is no suggestion in this case that Evans' transfer was accomplished for an improper reason. *C. f., United States v. Cruz, supra*, note 2.

7. The record of the Article 32 investigation was made an appellate exhibit at trial and is therefore part of the record for the purpose of deciding this issue.

sel had not spoken to Evans prior to requesting his testimony and had no more than an expectancy that Evans would give testimony supportive of an entrapment defense. Such an expectancy was an insufficient basis for requiring Evans' appearance, and we conclude that the motion for the reopening of the investigation was properly denied.[8]

## II

We turn now to the appellant's assertion that he was denied access to evidence by the government's improper destruction of the tape recordings of the testimony of two government witnesses[9] at the Article 32 investigative hearings. The tape recordings in question were made by the assigned reporter in order to provide a *summarized* transcription of the testimony. The recordings were made for her own convenience in transcript as a supplement to her shorthand notes, and on tapes which were her own personal property. The trial defense counsel requested the investigating officer to have the tapes preserved until a final disposition of the charges against the appellant had been made. The investigating officer relayed the request to the court reporter's supervisor who failed to tell the court reporter to preserve the tapes. There is no regulation which required her to preserve the tapes[10], and she destroyed them in the normal course of her work by recording over the testimony in question when she recorded an unrelated investigation.

■ The appellant's assertion of his right to the production of the tapes is based on the Jencks Act, 18 U.S.C. § 3500. The first question we must address is whether production of Article 32 testimony falls under this act. This issue has not been addressed by this Court although the Air Force Court of Military Review has held the Jencks Act applicable to Article 32 testimony.[11] In 1970, the act was amended to include statements made to a grand jury,[12] and the Court of Military Appeals had held earlier that the act was applicable to courts-martial.[13] Although there are many differences between an Article 32 investigation and a grand jury investigation, the Article 32 investigation is designed to afford a military accused the same or a better opportunity as that enjoyed by a civilian to have accusations thoroughly investigated prior to charges being brought. We hold that the Jencks Act is applicable to testimony given at an Article 32 investigative hearing. To hold otherwise would make a baseless distinction in derogation of an accused's rights.

■ The second question to be decided is whether the unintentional destruction of the taped testimony is inherently prejudicial to the appellant and requires striking of the testimony of those witnesses at trial. The Court of Military Appeals has stated that "Not every Jencks Act error is prejudicial. [Citations omitted] Consequently, we must consider the circumstances to determine the extent to which the error may have effected the result."[14]

The circumstances of this case show that no prejudice accrued to the appellant. The appellant was represented at the Article 32 investigative hearing by a civilian counsel, an appointed military counsel, and an indi-

---

**8.** See generally, United States v. Carey, 1 M.J. 761 (A.F.C.M.R.1975), pet. denied, 2 M.J. 179 (C.M.A. 1976); United States v. Young, 49 C.M.R. 133 (A.F.C.M.R.1974).

**9.** The testimony involved is that of a government agent and a government informant. They were the two witnesses called at trial by the government to prove the charges against the appellant.

**10.** Unlike the Air Force, the Army has no regulation requiring the retention of tapes if recorded. See United States v. Scott, 6 M.J. 547

(A.F.C.M.R.1978) and United States v. Jarrie, 5 M.J. 193 (C.M.A.1978).

**11.** United States v. Combs, 28 C.M.R. 866 (A.F. B.R.1959); United States v. Scott, supra. But see United States v. Haywood, 41 C.M.R. 939 (A.F.B.R.1969).

**12.** 18 U.S.C. § 3500(e)(3).

**13.** United States v. Albo, 22 U.S.C.M.A. 30, 46 C.M.R. 30 (1972).

**14.** Id. at 34.

vidually requested military counsel. All three counsel had the opportunity to cross-examine, observe, and listen to the two witnesses involved. Additionally, the defense had the use of a summarized transcript of the hearing which was transcribed with care by the report from the tape recordings and her shorthand notes. Although the summarized testimony may have had slight variances from the tape recordings, the observations of three defense counsel would have been more than sufficient to protect the appellant's rights if any of these possible discrepancies could have been used to cast doubt on the credibility of the two government witnesses. Consequently, we hold that this error under the Jencks Act was harmless.

We have considered the remaining assignments of error and consider them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge THORNOCK concur.