UNITED STATES

v.

Sergeant Bertrand E. YOUNG, FR 202–50–8555, United States Air Force.

ACM S25378.

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 Aug. 1981.

Decided 26 Feb. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Thomas L. Strand.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Tried by special court-martial with members, the accused was convicted, pursuant to his pleas, of the wrongful use and possession of marijuana, and despite his pleas, of the wrongful use and possession of lysergic acid diethylamide (LSD), in violation of Articles 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 892.* The approved sentence extends to a bad conduct discharge, confinement at hard labor for three months, forfeitures of $334.00 per month for three months, and reduction to airman basic.

I

In summary, the defense argues there is a failure of proof since no sample of the alleged LSD was before the court, and no chemical analysis was performed. We resolve this matter against the accused.

█ The identity of a dangerous drug can be established by circumstantial evidence. *People v. Brannon*, 59 Ill.App.3d 531, 16 Ill.Dec. 733, 375 N.E.2d 840 (1978). No sample need be before the court and no chemical analysis is required to sustain a conviction for the use or possession of a dangerous drug. *United States v. Agueic*, 310 F.2d 817 (2d Cir. 1962); *People v. Robinson*, 14 Ill.2d 325, 153 N.E.2d 65 (1958); *People v. Binkley*, 25 Ill.App.3d 27, 322 N.E.2d 514 (1975).

The record established that the accused, having decided to "do chemicals", wanted to experiment with "acid". To accomplish this he sought the help of Airman First Class Dinsmore, a convicted dealer and user of drugs. Dinsmore agreed to supply the accused with four tablets of "acid" for approximately $10.00 a tablet with the accused providing the money in advance. After obtaining the tablets Dinsmore gave them to the accused identifying them as either "acid", "LSD", or "microdot". Among drug users the terms "acid" and "microdot" mean LSD.

█ In his testimony, the accused admitted having Dinsmore obtain four "acid" tablets; he also admitted using one of the tablets. He described the effect as "a kind of anxiety" with "[his] palms sweating a little bit." The sensation was like that produced by an excess of coffee. He experienced no hallucinations. He denied knowing "acid" was LSD, or that Dinsmore had ever used the term LSD, in describing the tablets. However, he did admit knowing that "acid" was an illegal drug that would produce hallucinations.

In rebuttal the Government proved that the accused thought the tablets were "too expensive for that type of high," i.e., anxiety and sweaty palms, and that he experienced an hallucinatory episode concerning a tapestry hanging in the room.

The sum total of this evidence circumstantially established that the tablets the accused possessed and ingested contained LSD. The accused knew that "acid" was an illegal hallucinogenic drug with which he wanted to experiment. The term "acid" is a word popularly employed to identify LSD. *Brubaker v. Board of Ed., School Dist. 149, Cook Cty., Ill.*, 502 F.2d 973 (7th Cir. 1973); *McCarthy v. United States*, 399 F.2d 708 (5th Cir. 1968). His denial that he knew "acid" meant LSD or that Dinsmore told him the tablets contained LSD is a question for the fact finders. Weighing all the evidence and giving proper consideration to those who saw and heard the witnesses, we find the evidence established the accused's guilt beyond a reasonable doubt. Article 66(c), *Code*, 10 U.S.C. § 866, *supra*.

II

█ During an Article 39(a), 10 U.S.C. § 839(a) session the Government stated it did not intend to present any evidence to prove that the accused was incapacitated for duty as the result of prior indulgence in intoxicating liquor (Specification 3 of the Charges). Rather than have the trial counsel discuss the matter with the convening

---

* The Military Judge granted a motion for a finding of not guilty of being incapacitated for duty as the result of prior indulgence in intoxicating liquor.

authority, the military judge permitted the specification to go before the members knowing that no evidence would be offered. Why he did this is puzzling since this practice is specifically prohibited by the trial procedure guide. Air Force Pamphlet 111–6, 19 April 1976, Procedure Guides for Courts-Martial, p. 5, 6. Also he did not instruct the court to disregard this specification when voting on a sentence. *See United States v. Phare*, 21 U.S.C.M.A. 244, 45 C.M.R. 18 (C.M.A.1972). The Government concedes it was error for the military judge to allow the unsubstantiated specification to be given the members. We agree but find no prejudice. In our view, the evidence of guilt on the contested specifications is so compelling that the presence of the unsubstantiated specification did not influence the court's findings or affect the sentence. *United States v. Phare, supra.*

We have considered the remaining assignments of error and resolved them adversely to the accused. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.