**UNITED STATES**

v.

**Airman First Class Marchetta R. CAPEL, FR 262–41–1117 United States Air Force.**

**ACM 23629.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 May 1982.

Decided 3 Dec. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Conrad C. Baldwin.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Robert L. Kuster.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge:

Contrary to her pleas, the accused stands convicted of wrongful use and transfer of marihuana, and wrongful use of cocaine, all at diverse times. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 18 months, forfeiture of $350.00 per month for 18 months, and reduction to the grade of airman basic.

The accused contends, among other things, that the military judge erred by denying a defense motion for appropriate relief to reopen the investigation held pursuant to Article 32, Uniform Code of Military Justice, 10 U.S.C. 832 (hereinafter referred to as the Art. 32), in order to allow the defense to cross-examine a material government witness under oath. This witness had previously refused to testify at the Art. 32, asserting her right against self incrimination. As a consequence, the investigating officer considered a sworn statement of that witness executed during an A.F.O.S.I. investigation. Subsequent to the Art. 32, but prior to trial, the witness was granted immunity by the convening authority. Immediately after the immunity had been finalized, the trial counsel notified the defense counsel of the immunity; that the witness would testify; and that the witness would be available for interview by the defense. We find that the military judge did not abuse his discretion by denying the defense motion.

It is well settled that the Art. 32 serves a dual purpose. It provides the ac-

cused with a discovery vehicle and insures against a trial upon baseless charges. *United States v. Ledbetter,* 2 M.J. 37 (C.M.A. 1976); *United States v. Chesnut,* 4 M.J. 642 (A.F.C.M.R.1977). The right to cross-examine a witness at a pretrial investigation is an important discovery tool; however, the opportunity to do so is conditioned upon the availability of the witness to appear and testify. Article 32(b), Uniform Code of Military Justice; Manual for Courts-Martial, United States, 1969 (Rev.) paragraph 34*d; United States v. Chesnut, supra.* A witness who appears at an Art. 32 and asserts his rights against self-incrimination is "not available," and a previously executed sworn statement by such witness may be considered by the investigating officer and the convening authority. *United States v. Webster,* 1 M.J. 496 (A.F.C.M.R.1975).

The accused cites *United States v. Jackson,* 3 M.J. 597 (N.C.M.R.1977); *affirmed* 3 M.J. 206 (1977), as authority for the proposition that she is entitled to have an Art. 32 reopened in order to allow a full cross-examination under oath, of a witness, who, having once refused to testify on self incrimination grounds, will now testify at trial under a grant of immunity. The facts of the present case are distinguishable. In *Jackson,* the witness was crucial, while in the present case, the witness was only one of three who testified regarding the drug violations of the accused. Further, in *Jackson,* the witness refused to be interviewed by the defense counsel, even though the witness had already been tried and had no right to refuse to testify on self incrimination grounds. In the present case, once the immunity had been granted, the trial counsel immediately notified the defense of such immunity, and the witness was available for interview at any time thereafter.

The question that must be answered is: Was the witness' testimony so crucial and necessary so as to have affected the investigating officer and the convening authority in fulfilling their statutory responsibilities. *United States v. Ledbetter, supra.* We answer the question in the negative. On the facts of this particular case, we conclude that the failure to reopen the Art. 32 did not result in prejudice to any substantial right of the accused. *United States v. Mickel,* 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958). The convening authority was presented with a complete picture by the Art. 32, and we are unable to envision a different result.

We find therefore that the military judge did not err to the prejudice of the accused by denying her motion to reopen the Art. 32. We have examined the record of trial and resolve the remaining assignments of error adversely to the accused. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, and RAICHLE, Judge, concur.