UNITED STATES

v.

**Staff Sergeant Steven P. DAGENAIS, FR 455–21–7952, United States Air Force.**

**ACM 23714.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 July 1982.

Decided 22 April 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The accused stands convicted of attempting to violate a lawful general regulation by possessing a substance he believed to be lysergic acid diethylamide (LSD), in violation of Article 80, U.C.M.J., 10 U.S.C. § 880. The approved sentence extends to a bad conduct discharge, confinement at hard labor for seven months, forfeiture of $200.00 per month for three months, and reduction to airman.

### I

Initially, the accused contends the trial judge erred by refusing to reopen the pretrial investigation. Article 32(b), U.C.M.J. The circumstances giving rise to this request involved Airman First Class Waggoner, the only witness to the alleged offense. During the pretrial investigation conducted on 12 May 1982, Waggoner answered all questions asked by the investigating officer and a number of those posed by the defense counsel; however, she refused, relying on her right against self-incrimination, to answer any questions concerning her alleged drug involvement or homosexual activities. Although requested to do so by the accused, the investigating officer refused to strike Waggoner's testimony.

The accused contends now as he did at trial that he was denied due process because he was not afforded the opportunity to confront a witness against him. *United States v. Ledbetter,* 2 M.J. 37 (C.M.A.1976); *United States v. Chestnut,* 2 M.J. 84 (C.M.A.1976). He further suggests that if Waggoner's "very unsavory background" had been fully developed it is possible that the convening authority would not have referred the case to trial at all. On 9 June 1982, Waggoner was given testimonial immunity by the convening authority. Her testimony at trial was subject to a searching cross-examination.

Government counsel argue that *United States v. Webster,* 1 M.J. 496 (A.F.C.M.R. 1975), is dispositive of this issue. In *Webster, supra,* we held that where a witness at

an Article 32(b) investigation refuses to give testimony relying upon a privilege not to do so, that individual is "not available" and a sworn statement by the witness may be considered by the investigating officer and the convening authority. Appellate government counsel contend that sworn testimony with limited cross-examination is a substantially greater benefit to the accused than the consideration of a sworn statement with no cross-examination at all. They further point out that some of the questions, i.e., those touching on the witness's alleged homosexual behavior, were of doubtful relevancy, and additionally the convening authority knew of the witness's refusal to answer certain questions.

█ We also fail to see the relevance of the homosexuality evidence sought to be adduced. It was not material to the drug offense under investigation, and did not, in this case, impact on Waggoner's credibility. Accordingly, she had the right to refuse to answer such questions. Mil.R.Evid. 303; *United States v. Colyer*, 571 F.2d 941 (5th Cir.1978); *United States v. Nuccio*, 373 F.2d 168 (2d Cir.1962); *cert. denied* 392 U.S. 930, 88 S.Ct. 2285, 20 L.Ed.2d 1388 (1968); *see United States v. Van Hoose*, 11 M.J. 878 (A.F.C.M.R.1981).

█ The question now remaining is: Was Waggoner's refusal to answer questions as to her drug involvement so crucial as to taint the pretrial investigation process. At the outset we observe that the provisions of Article 31(b) of the Code, 10 U.S.C. § 831(b) are applicable to witnesses who appear at pretrial investigations, and they may properly invoke their privilege against self-incrimination. *United States v. Pruitt*, 48 C.M.R. 495 (A.F.C.M.R.1974). However, this right must be counterbalanced against the accused's right to cross-examination.

█ It is apparent from the pretrial investigation that Waggoner was cross-examined at length as to the offense charged, and included were questions touching upon her knowledge of homosexual conduct on base and related drug abuse activities. She refused to answer approximately 10–15 questions that directly related to her drug involvement and homosexual behavior. Looking as a whole at the evidence presented during the pretrial investigation, we conclude the convening authority had before him sufficient facts upon which to decide whether to refer the accused's case to trial. The granting of testimonial immunity to Waggoner by the convening authority strongly suggests that he was aware that she was less than a model citizen. Under the facts here, we hold that refusal to reopen the pretrial investigation did not result in prejudice to any substantial right of the accused. *United States v. Capel*, 15 M.J. 537 (A.F.C.M.R.1982); *but cf. United States v. Jackson*, 3 M.J. 597 (N.C.M.R. 1977); *aff'd* 3 M.J. 206 (1977).

## II

█ The accused also urges that the trial judge erred by limiting the cross-examination of Waggoner at trial. We disagree. Waggoner, a crucial prosecution witness, was subjected to an exhaustive cross-examination that brought to light her homosexual activity before and after her entry into the Air Force, her own drug abuse involvement, her psychiatric problems and subsequent treatment, and various reasons she might have to fabricate testimony against the accused. The trial judge limited the cross-examination only when it became repetitious. The extent of cross-examination is a matter within the sound discretion of the judge. *United States v. Bieniek*, 43 C.M.R. 954 (A.F.C.M.R.1971). This record contains no evidence to indicate he abused that discretion.

## III

█ The accused next challenges the sufficiency of the evidence to support his conviction for attempting to possess LSD. The Government's case rests on the testimony of Airman First Class Waggoner, a self-admitted drug abuser. She testified the accused took possession of a tinfoil packet containing what he identified as "Superman Acid," and which he later put in his wallet. The term "acid" is a word popularly used to

identify LSD. *United States v. Young,* 12 M.J. 991 (A.F.C.M.R.1982). The accused contends that Waggoner is a totally unbelievable witness with a bizarre life style and a history of drug abuse. He maintains that the event related by Waggoner never happened. By his finding of guilty the military judge concluded that Waggoner was truthful and the incident as described by her took place. Indeed, this was an ultimate question for the fact finder. Weighing all the evidence and recognizing that the military judge saw and heard the witnesses, we find the evidence established the accused's guilt beyond a reasonable doubt. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c); *Young, supra.*

We have examined the remaining assigned errors and have resolved them adversely to the accused. *United States v. Davis,* 13 M.J. 593 (A.F.C.M.R.1982); *pet. granted* 13 M.J. 484 (C.M.A.1982); *United States v. Foster,* 14 M.J. 246 (C.M.A.1982). For the reasons stated the findings of guilty and the sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, and MILLER, Judge, concur.