UNITED STATES

v.

**Senior Airman Kenneth A. REYNOLDS, FR 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, United States Air Force.**

**ACM 23749.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 Aug. 1982.

Decided 29 April 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The accused's dispute with the manager of a bar in Bitburg, Federal Republic of Germany, resulted in his conviction for unlawfully carrying a concealed weapon in violation of Article 134, U.C.M.J., 10 U.S.C. § 934.[1] He was sentenced to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $250.00 per month for six months, and reduction to airman basic.

### I

██ The initial assigned error concerns a pretrial lineup which the military judge suppressed because it was improperly constituted. Appellate counsel contend that the lineup method[2] was so outrageous that any identification of the accused as being present in the bar was hopelessly compromised.

The record disclosed that the accused and Airman First Class Goodman were in the Las Vegas Bar in Bitburg during the early morning hours of 1 April 1982. Goodman had known the accused for some time and was a close friend. He saw the accused talking to the manager who shouted, "he [accused] has a gun." A defense witness, Specialist 4 Starkweather, stated on direct examination that when the manager lifted the accused's jacket he [Starkweather] could see a pistol underneath it. Later, after Goodman and the accused returned to the accused's quarters, the accused removed his jacket and revealed he was carrying a loaded pistol in a holster.

---

1. He was acquitted of an additional allegation of aggravated assault.

2. The lineup consisted of the security police first showing the accused's identification card to witnesses who were together in a room, and then asking those same individuals to walk past a room where the accused was located. A lineup of this type is clearly improper as it is impermissibly suggestive. Mil.R.Evid. 321; *United States v. Gillespie*, 3 M.J. 721 (A.C.M.R. 1977).

The trial defense counsel conceded thrice in the cross-examination of a government witness, the direct examination of a defense witness, and during her closing argument—that the accused was in the bar that night and was carrying a gun in a holster under his coat.

We consider her concession to be a realistic trial tactic which we will not second guess on appellate review. *United States v. Rivas,* 3 M.J. 282 (C.M.A.1977); *United States v. Peck,* 27 C.M.R. 631 (A.B. R.1958). She chose to admit those facts that could not be seriously disputed. This approach allowed her to better defend against the more serious allegation, i.e., aggravated assault where a not guilty verdict resulted from her efforts. The improper pretrial lineup did not affect Goodman's identification of the accused. *United States v. Beebe,* 47 C.M.R. 386 (1973). There is compelling proof that the accused unlawfully carried a concealed weapon as alleged. *See United States v. Porter,* 50 C.M.R. 508 (N.C.M.R.1975).

## II

Mil.R.Evid. 304(d)(1) requires the prosecution to disclose to the defense, prior to arraignment, the contents of any statement made by the accused that is relevant and known to the trial counsel and within the control of the armed forces. Here the prosecution sought to establish, during its case in chief, that the accused had approached Goodman after the incident in the bar and suggested that he [Goodman] change his story as to what occurred.[3] The defense was unaware that the accused had made such a statement or that the prosecution would use it. The first indication such evidence existed came about during Goodman's testimony—a time long after arraignment. In an out of court hearing the trial counsel admitted that the disclosure of the accused's statement to the defense was not timely, but urged that the omission was unintentional. The trial judge then ordered a recess to permit defense counsel to interview the witness which she did. Subse-

quently, defense counsel declined a further continuance and withdrew any objection to the admission of the statement.

On appeal appellate defense counsel urge that the mere granting of a recess so that the witness can be interviewed will not deter the prosecution from this sort of gamesmanship. They suggest that the appropriate remedy would be the exclusion of the statement. We reject such a remedy at this time.

Mil.R.Evid. 304(d)(2)(B) appears to contemplate a disclosure of confessions and admissions subsequent to arraignment. Its purpose is to inform the defense of evidence which the Government intends to use and to which the defense may want to object. *See generally United States v. Young,* 12 M.J. 991 (A.F.C.M.R.1982). Our reading of the rule convinces us that the military judge can best insure that the disclosure provision is applied fairly. If, as here, the failure to make a timely disclosure is inadvertent and unintentional, a continuance to discover the circumstances surrounding the statement is appropriate. On the other hand, if the failure is deliberate and done in order to attain an unfair advantage, the trial judge can take whatever action is appropriate which might include the exclusion of the statement. *See generally,* S. Saltzburg, L. Schinasi, and D. Schlueter, *Military Rules of Evidence,* 79 (1981). We are confident that our concern in this area is shared by all trial participants. Under the facts of this case the trial judge's action was proper.

We consider the adjudged sentence to be appropriate for carrying a concealed loaded pistol. The findings of guilty and the sentence are

AFFIRMED.

MILLER, Judge, concurs.

HEMINGWAY, Senior Judge, absent.

---

3. This statement is admissible as tending to establish the accused's consciousness of guilt.

*United States v. Borland,* 12 M.J. 855 (A.F.C.M. R.1981).