UNITED STATES, Appellee,

v.

First Lieutenant Lenza WILLIAMS, 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, United States Army, Appellant.

CM 445299.

U.S. Army Court of Military Review.

31 May 1985.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel William P. Heaston, JAGC, Major Edwin D. Selby, JAGC, and Captain Claudio F. Gnocchi, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Larry D. Williams, JAGC, and Captain Denise A.G. Erickson, JAGC, were on the pleadings for appellee.

Before SUTER, YAWN, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

WALCZAK, Judge:

Appellant was convicted, contrary to his pleas, of wrongful possession of cocaine and marijuana (Specifications 1 and 3 of Charge I) and conduct unbecoming an officer by wrongfully possessing the same cocaine and marijuana while in the company of enlisted service members (Charge II). All the offenses occurred at the same time and location. Appellant was sentenced to dismissal from the service, confinement at hard labor for two years, and total forfeiture of all pay and allowances. The convening authority approved the sentence.

Appellant contends that his right to a fair trial was violated by the trial counsel's failure to reveal crucial damaging evidence to the defense counsel. We disagree. Mil. R.Evid. 304(d)(1) provides that "[p]rior to arraignment, the prosecution shall disclose to the defense the contents of all statements, oral or written, made by the accused that are relevant to the case, known to trial counsel, and within the control of the armed forces." Appellant asserts that trial counsel knew about an oral statement he made to his battlion commander, Colonel Money, concerning the charged offenses and failed to disclose this statement to the defense. The statement at issue involves an admission by appellant that he was holding the drugs for a Specialist Stewart. Although defense counsel had interviewed Colonel Money, Money had forgotten to inform the defense about the statement. After appellant had been arraigned, Colonel Money told the trial counsel about appellant's inculpatory statement.[1] The trial counsel did not relay this information to defense counsel.

In defense to the charged offenses, appellant took the stand and denied that he knowingly possessed the drugs. During the trial counsel's cross-examination of appellant, the following colloquy occurred:

Q. Are you sure you didn't tell Colonel Money that Specialist Stewart—you saw Specialist Stewart buy that marijuana and cocaine?

---

1. For purposes of our analysis the fact that trial counsel learned about the statement at issue after appellant had been arraigned is irrelevant. *See* Mil.R.Evid. 304(d)(2)(B) which provides that, if the government intends to offer against the accused a statement made by the accused that was not disclosed prior to arraignment, notice shall be provided to the military judge and to defense counsel.

A. I'm positive I didn't tell him that, sir.

Q. Did you tell Coloney Money that Specialist Stewart told you to hold the cocaine and marijuana?

A. No sir, I did not.

Q. You're positive about that.

A. Yes, sir, I am.

Q. So if he came and testified differently, he'd be lying, wouldn't he?

A. Yes, sir.

Defense counsel moved for a mistrial based on Mil.R.Evid. 304(d)(1) since he had no prior knowledge about appellant's statement to Money. In support of his motion, defense counsel argued that if the defense had known about this statement prior to trial, different trial tactics would have been employed; specifically, appellant would not have testified. The military judge held that appellant was entitled to no relief under Mil.R.Evid. 304 and denied the motion for a mistrial. We find the military judge's ruling was correct.

■ In this case the use of appellant's inculpatory statement to Colonel Money is challenged not on the basis of its admissibility but on the untimeliness of its disclosure. Contrary to appellant's assertions, we find the trial counsel's simple failure to disclose the statement at issue does not automatically entitle appellant to a remedy under Mil.R.Evid. 304. *Cf. United States v. Reynolds*, 15 M.J. 1021, 1023 (A.F.C. M.R.) (trial judge can best decide what action is appropriate when the government fails to comply with Mil.R.Evid. 304), *pet. denied*, 17 M.J. 45 (C.M.A.1983).[2] As the military judge correctly noted, the purpose of Mil.R.Evid. 304(d)(1) is to ensure the government provides timely notice of statements made by the accused which the government intends to offer into evidence and to which the defense may want to object. *See United States v. Reynolds*, 15 M.J. at 1023; *see generally* S. Saltzburg, L. Schinasi and D. Schlueter, *Military Rules of Evidence* 79 (1981). The rule is formulated to promote the orderly consideration of challenges by the defense to the admissibility of such statements. In the case at bar the purpose underlying the rule was satisfied. After defense counsel moved for a mistrial, a hearing pursuant to Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), was conducted. During this hearing defense counsel was given ample opportunity to discover the circumstances surrounding the utterance of the statement at issue. Accordingly, appellant has no basis for complaint.

■ Appellant's contention that he would not have testified if he had known the government knew about the statement to Colonel Money does not alter our conclusion. Counsel are reminded that Mil.R. Evid. 304 is not a shield for an accused who intends to commit perjury. *Cf. United States v. Yarborough*, 18 M.J. 452 (C.M.A. 1984) (assurance that government will not offer certain evidence is not a license to testify falsely without fear that such evidence will be used in rebuttal).

■ Appellant further asserts, and the government appropriately concedes, that Specifications 1 and 3 of Charge I are multiplicious with Charge II and its specification. We agree. *See United States v. Rodriguez*, 18 M.J. 363 (C.M.A.1984); *United States v. Timberlake*, 18 M.J. 371 (C.M.A.1984). Since the military judge instructed the court members that Specifications 1 and 3 of Charge I were multiplicious for sentencing with Charge II and its specification, we are satisfied that appellant suffered no prejudice as to the sentence adjudged.

We have reviewed the remaining assignments of error and find them to be without merit.

The findings of guilty of Specifications 1 and 3 of Charge I are set aside and that

---

2. Some cases suggest that bad faith on the government's part may determine the availability of relief under Mil.R.Evid. 304. *See United States v. Yarborough*, 18 M.J. 452, 456 (C.M.A. 1984); *United States v. Reynolds*, 15 M.J. 1021, 1023 (A.F.C.M.R.), *pet. denied*, 17 M.J. 45 (C.M. A.1983). We do not address this issue since no bad faith was exercised by the government in this case.

Charge is dismissed. The remaining findings of guilty and the sentence are affirmed.

Chief Judge SUTER and Senior Judge YAWN concur.