**UNITED STATES of America,**
**Appellee,**

v.

**Robert Wayne JOHNSON, Appellant.**

**No. 75–1937.**

United States Court of Appeals,
Ninth Circuit.

Aug. 21, 1975.

SNEED, Circuit Judge:

Appellant was convicted of knowingly and intentionally importing marijuana into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) and of possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On appeal he argues that the trial court erred (1) in requiring production for use by defense counsel of only the case report submitted by the arresting Drug Enforcement Administration ("DEA") agent, who was a Government witness, but not his handwritten notes of the arrest and interview of appellant; (2) in refusing to require production of the automobile which appellant was driving at the time of his arrest; and (3) in admitting the marijuana into evidence. We find no merit in appellant's second and third specifications of error but we vacate the judgment and remand the case for a further hearing on the Jencks Act question.

 It is now well established that individual "notes and reports" of agents of the Government who testify for the Government, made in the course of a criminal investigation, are the proper subject of inquiry and may be subject to production under the Jencks Act, 18 U.S.C. § 3500. *Lewis v. United States,* 340 F.2d 678, 682 (8th Cir. 1965) (citations omitted); *accord, United States v. Bell,* 457 F.2d 1231, 1235 (5th Cir. 1972). Such "notes and reports" may be "a written statement made by said witness and signed or otherwise adopted or approved by him." *See* 18 U.S.C. § 3500(e)(1). *Cf. Clancy v. United States,* 365 U.S. 312, 314–15, 81 S.Ct. 645, 5 L.Ed.2d 574 (1961).[1] It is the function of the trial court to determine the issue of producibility, *i. e.,* to decide whether the notes in question constitute a "statement" within the meaning of the Act.

Eugene R. Bracamonte (argued), Tucson, Ariz., for appellant.

James E. Mueller, Asst. U. S. Atty. (argued), Tucson, Ariz., for appellee.

## OPINION

Before TRASK and SNEED, Circuit Judges, and PLUMMER,* District Judge.

---

* Honorable Raymond E. Plummer, Senior United States District Judge, for the District of Alaska, sitting by designation.

1. The transcript suggests that it is unlikely that the notes constitute a "substantially verbatim recital of an oral statement made by the said witness [the DEA agent] and recorded contemporaneously with the making of such oral statement" within the meaning of 18 U.S.C. § 3500(e)(2). (R.T. 52–54).

*Ogden v. United States,* 303 F.2d 724, 737 (9th Cir. 1962); *Lewis, supra,* 340 F.2d at 682. While in the present posture of this case it appears likely that the handwritten notes in their entirety relate "to the subject matter as to which the witness testified," the trial court also has the responsibility under 18 U.S.C. § 3500(b) and (c) to determine the extent to which this is true.

█ In this case the trial court failed to discharge the first of these responsibilities properly. The court below might have decided, had it addressed itself to the question, that Agent Timulty's handwritten notes were "adopted or approved by him" and hence constituted a producible "statement" under the Act. In response to defense counsel's request for the notes, however, the court stated that provision of the agent's case report was enough to satisfy the requirements of the Jencks Act. Thus the court refused to compel production of the notes; it acted without inspecting them, *in camera* or otherwise.

█ In this the court erred. That the notes may have constituted a Jencks Act statement was sufficient to trigger further investigation. Agent Timulty's testimony to the effect that all of the information contained in the notes was transferred to his case report did not relieve the trial court of the duty to conduct the requested inquiry. A further inquiry is appropriate—and the notes producible—even where it affirmatively appears that the entire contents of the notes are included in a document which was turned over to the defense. *Ogden, supra,* 303 F.2d at 736–37. The question of whether an otherwise producible statement is useful for impeachment must be left to the defendant. *Id.* at 737. Certainly the answer should not rest with the very witness whose testimony the defendant seeks to impeach.

█ Thus the judgment below must be vacated and the case remanded for a hearing to determine whether Agent Timulty's handwritten notes should be characterized as a "statement" for purposes of the Jencks Act. It should be recognized that a determination by the trial court—which was absent here—that the notes in question constitute a "statement" within the language of the Jencks Act does not, in and of itself, entitle appellant to a new trial. A new trial will be required only if the court, subsequent to the hearing, concludes that a producible statement existed and that substantial rights of appellant were affected by the failure to make that statement available for his use in cross-examination of Agent Timulty. *Ogden, supra,* 303 F.2d at 737; *accord, United States v. McSweaney,* 507 F.2d 298, 300 (9th Cir. 1974). It is possible that the court may decide, after the hearing, which may include the examination of the notes *in camera,* that the same information was in fact available to appellant in the case report and hence that no substantial rights would be affected by their nonproduction. *Ogden, supra,* 303 F.2d at 737–38. But this we cannot prophesy.

On remand we direct the district court, if a new trial is denied, to enter a new final judgment in order to preserve appellant's right to review.

Vacated and remanded.