UNITED STATES, Appellee,

v.

Bruce A. DIXON, Private First Class, U. S. Army, Appellant.

No. 37,440.
CM 435789.

U. S. Court of Military Appeals.

Dec. 26, 1979.

For Appellant: *Captain Paul T. Allen, Jr.* (argued); *Colonel Edward S. Adamkewicz, Jr., Captain Grifton E. Carden, Captain Joseph W. Moore* (on brief); *Major Benjamin A. Sims.*

For Appellee: *Captain Dennis S. Cameron* (argued); *Major David McNeill, Jr., Major Robert B. Williams* (on brief); *Colonel Thomas H. Davis.*

## Opinion of the Court

FLETCHER, Chief Judge:

█ We are called upon in the granted issue *sub judice* to rule on the Army Court of Military Review's production order and examination of documents properly requested[1] under the Jencks Act, 18 U.S.C. § 3500, but improperly denied the defense at trial. We hold that inasmuch as the military judge failed to properly append the contested agent's summary to the record of trial as mandated by the statute,[2] the action taken by the United States Army Court of Military Review was necessary in order to test the judge's action for prejudice.[3]

This case involves a barracks larceny[4] of stereo equipment.[5] Special Agent Goode was a principal witness for the Government in the case. He testified that during his investigation—subsequent to a surreptitious barracks entry through an external window after which approximately $185.00 worth of equipment was missing—he learned that the appellant and one Private Thompson had been observed below the barracks window loading stereo equipment into a white Opel station wagon. Later in the evening, these two were observed entering the installation in a white Opel station wagon and were apprehended by Goode. Waiving his rights under Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831, appellant orally admitted to Goode that he had assisted Thompson, who had removed the stereo from the victims' room, to load the equipment into the Opel.

During the cross-examination of the agent, the defense counsel questioned him concerning the notes he had taken during the course of the investigation. These, Goode testified, were contained in his investigation report in his agent's activity summary. The former was provided defense counsel; the latter's production was sought by the defense under the Jencks Act.

█ This request the military judge denied, ruling that inasmuch as the witness had refreshed his recollection prior to his testimony by merely reading his investiga-

---

1. The Jencks Act applies to the military. *See United States v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969); *Augenblick v. United States*, 377 F.2d 586, 597, 180 Ct.Cl. 131 (Ct.Cl.1967); *United States v. Albo*, 22 U.S.C.M.A. 30, 46 C.M.R. 30 (1972); *United States v. Walbert*, 14 U.S.C.M.A. 34, 33 C.M.R. 246 (1963); *United States v. Heinel*, 9 U.S.C.M.A. 259, 26 C.M.R. 39 (1958).

2. "If . . . any portion of such statement is withheld from the defendant and the defendant objects to such withholding, and the trial is continued to an adjudication of the guilt of the defendant, the entire text of such statement shall be preserved by the United States and, in the event the defendant appeals, shall be made available to the appellate court for the purpose of determining the correctness of the ruling of the trial judge." 18 U.S.C. § 3500(c).

3. The Jencks Act, in the section cited in the preceding footnote, imposes this review function upon appellate courts.

4. The granted issue here examined relates only to the larceny and housebreaking charges. The appellant was also convicted of an unrelated robbery.

5. Initially tried at a general court-martial, the appellant pleaded guilty to housebreaking, larceny and robbery. This was set aside by the intermediate court for failure to fulfill the requirements of *United States v. Green*, 1 M.J. 453 (C.M.A.1976). At a rehearing he was found guilty of one specification each, in violation of Articles 121, 122 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 922 and 930, respectively. The sentence approved by the convening authority and affirmed by the United States Army Court of Military Review included a dishonorable discharge, confinement at hard labor for 24 months, forfeiture of $200 pay per month for 24 months, and reduction to the lowest pay grade.

■ **151**

tion report, to order the activity summary produced would constitute an unnecessary delay. We agree with the court below that his interpretation was too narrow. The act itself orders the production of "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). Thus for a statement to "relate to" testimony, it must relate generally to events and activities testified to. *United States v. O'Brien,* 444 F.2d 1082 (7th Cir. 1971).

■ Here the summaries contained information relating to appellant's apprehension, his interrogation and release. It is well established that such summaries are properly produced under the act. *Lewis v. United States,* 340 F.2d 678, 682 (8th Cir. 1965); *accord, United States v. Bell,* 457 F.2d 1231, 1235 (5th Cir. 1972). Furthermore, that all of the information in the summary might be contained in the agent's report does not obviate its production under the act. *United States v. Johnson,* 521 F.2d 1318, 1320 (9th Cir. 1975); *Ogden v. United States,* 303 F.2d 724 (9th Cir. 1962), *cert. denied,* 376 U.S. 973, 84 S.Ct. 1137, 12 L.Ed.2d 86 (1964).

■ The trial judge's role under ·the Jencks Act is clearly specified. After a government witness' testimony, upon defense motion, the court shall order delivered to the defense any statement, the entire content of which relates to the testimony of the witness. If the Government claims portions of the statement to be irrelevant, the court, upon *in camera* inspection, shall excise irrelevant portions and order the remainder delivered to the defendant. If any portion of the defense requested statement is denied and the defense objects, the entire text must be preserved and appended to the record. 18 U.S.C. § 3500(b), (c). We do not consider that a reading of subsections (b) and (c) of the Jencks Act lends any authority to the weighing of the disadvantages of delay against the advantages of production as the record shows this military judge to

be doing. Indeed, this appears to have been the primary consideration for his ruling. The instant case was originally tried at Mainz, Federal Republic of Germany, where the requested documents were located at the time of the rehearing at Fort Leavenworth, Kansas.

■ Because of this failure to attach these documents, the intermediate court was confronted simultaneously with their appellate responsibility under the act "of determining the correctness of the ruling of the trial judge," 18 U.S.C. § 3500(c), and the manifest impossibility to do so without the summaries. Unlike the Court of Military Review in *United States v. Albo,* 22 U.S.C. M.A. 30, 46 C.M.R. 30 (1972), here the court (citing its fact-finding power under Article 66(c), UCMJ 10 U.S.C. § 866) properly [6] took the additional step of ordering the Government to produce the summaries. This action enabled fulfillment of its appellate responsibility to test for prejudice. 18 U.S.C. § 3500(c). Furthermore, as the documents had not been destroyed and were made available, this alert action by the Army Court of Military Review avoided the more drastic remedy of reversal imposed previously by this Court. *Cf. United States v. Jarrie,* 5 M.J. 193 (C.M.A.1978); *United States v. Albo, supra.* After a review of the summaries, the court below held that the military judge's ruling under the Jencks Act was too narrow; he "should have ordered production of Special Agent Goode's Agent Activity Summaries." *United States v. Dixon,* 7 M.J. 556, 559 (A.C.M.R.1979).

Thus conceding this clear Jencks Act error, the court proceeded to consider these particular circumstances to determine how the error affected the result. As we have stated, "[n]ot every Jencks Act error is prejudicial. *Rosenberg. v. United States,* 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959); *see also Lewis v. United States,* 340 F.2d 678 (8th Cir. 1965)." *United States v. Albo, supra* at 34. To the court's express

6. We rule that consideration of the agent's summaries, producible under the Jencks Act, does not constitute consideration of matters

outside the record in the sense of *United States v. Bethea,* 22 U.S.C.M.A. 223, 46 C.M.R. 223 (1973).

satisfaction, it was determined that the summaries contained nothing inconsistent with Goode's testimony and no information not contained in the agent's investigation reports. Therefore, in the intermediate court's considered opinion, the error was harmless and did not affect the result.

■ Without adopting the opinion of the court below, we agree that their action was not proscribed by *United States v. Albo, supra.* We consider that the United States Army Court of Military Review, pursuant to its fact-finding authority in light of its functional responsibility under the Jencks Act, acted properly in ordering the production and examination of these Jencks Act materials. We, however, admonish the military judge here that the Jencks Act contemplates for him the principal role in preserving defense access rights to "state-

ments" of this government witness, a function that went unfulfilled in this instance.[7]

The decision of the United States Army Court of Military Review is affirmed.

COOK, Judge (concurring):

As the Activities Summary contained only a record of the time and place of certain investigative actions of the agent, I am inclined to the view that it was not producible because if was not "sufficiently connected with the subject matter of [the agent's] direct testimony," which dealt with the accused's oral incriminatory statement. *United States v. Graves,* 428 F.2d 196, 200 (5th Cir. 1970), *cert. denied,* 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970). Assuming the trial judge erred in his ruling, I agree that the action by the Court of Military Review was proper and that its decision was correct.

---

7. The judge does not determine whether the statement would be useful to the defense. *Palermo v. United States,* 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). The defense counsel is the appropriate party to determine the effective use of this agent's notes to dis-

credit him. "The question of whether an otherwise producible statement is useful for impeachment must be left to the defendant." *United States v. Johnson,* 521 F.2d 1318, 1320 (9th Cir. 1975).