**UNITED STATES**

v.

**Airman First Class Jerry A. PATTERSON, FR 005–66–1387 United States Air Force.**

**ACM 22646.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 19 Oct. 1979.

Decided 14 Nov. 1980.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Douglas R. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter, Major Robert T. Mounts and Captain Frederick J. Sujat, Jr., USAFR.

Before EARLY, ARROWOOD and KASTL, Appellate Military Judges.

## DECISION

ARROWOOD, Senior Judge:

The loss, through improper care, of tape recordings which were made of witnesses' testimony at an Article 32 investigation did not excuse the failure to provide the tapes to the defense under the Jencks Act, 18 U.S.C. § 3500. Since we are unable to find this error was harmless, we reverse the conviction.

The Article 32 investigator, a reserve officer, recorded the testimony of the informant and two investigators called before him during an investigation of drug transfers from the accused. He took the tapes to his home to use in preparing the report and, upon completion of the report, gave both the report and tapes to a military driver to deliver to the office of the base staff judge advocate. The driver gave the report to the legal office manager and the tapes to a "girl in the office."

When the tapes were requested by defense counsel under the Jencks Act, they could not be located. At trial the accused asked that the three witnesses whose tape recorded testimony could not be provided be barred from testifying. After hearing evidence that the tapes had been lost, the military judge then asked defense counsel to explain how the accused was prejudiced by the failure to provide the tapes. Counsel stated that there had been changes in the stories told by the witnesses since the investigation and that the tape recordings would

be used to impeach their testimony. Apparently the military judge believed that the inconsistencies alleged in the prior statements of the witnesses would not impeach them and, therefore, overruled the motion to bar their testimony.

Both this Court and the Army Court of Military Review have held that tape recordings of testimony taken at an Article 32 investigation are subject to a request under the Jencks Act. *United States v. Scott*, 6 M.J. 547 (AFCMR 1977); *United States v. Thomas*, 7 M.J. 655 (ACMR 1979). If the recording had been destroyed the Government may, under certain circumstances, claim the "good faith" exception and be excused from granting the request. *Killian v. United States*, 386 U.S. 231, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961); *United States v. Carrasco*, 9 Cir., 537 F.2d 372 (1976); *United States v. Scott, supra.* If the exception does not apply, the military judge should prevent the witness from testifying, or if he has already testified, the testimony should be struck from the record. *United States v. Bernard*, 9 Cir., 607 F.2d 1257 (1979); *United States v. Well*, 9 Cir., 572 F.2d 1383 (1978). If the military judge does not strike the improper testimony, the appellate courts may still uphold a conviction if the failure to comply with the Jencks Act resulted in harmless error. *United States v. Carrasco, United States v. Scott* and *United States v. Thomas*, all *supra.*

The Jencks Act was designed to insure that Government witnesses could be impeached only with those statements which could "fairly be said to be the witnesses' own rather than the product of the investigator's selections, interpretation and interpolations". *Palermo v. United States*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). This purpose is not served when the investigating officer summarizes a witness' testimony and loses the verbatim statement. *United States v. Scott* and *United States v. Carrasco*, both *supra.* Although there is no evidence of an intentional destruction of the tapes, negligent maintenance of the tapes as occurred in this instance will not excuse the Government from providing them. *United States v. Scott, supra; United States v. Combs*, 28 CMR 866 (AFBR 1959). Since the Government could not provide the tapes and was not excused from that requirement, the military judge erred in permitting the witnesses to testify. *United States v. Bernard* and *United States v. Well*, both *supra.*

The Jencks Act does not require the accused to show prejudice when the Government is unable to provide the statements. *United States v. Wells, supra.* However, if the failure to comply with the Act results in harmless error it will not be necessary for this Court to set aside the conviction. Such a situation might exist in this case if the summary of testimony made by the investigating officer fully incorporated the tape; *Ogden v. United States*, 9 Cir., 303 F.2d 724 (1962); and *United States v. Thomas, supra*, or because the accused's guilt was established beyond a reasonable doubt by competent testimony other than that of the three witnesses, evidence strong enough to convince us that the error was harmless. *United States v. Carrasco, supra; Lewis v. United States*, 8 Cir., 340 F.2d 678 (1965).

The first test is whether the summarized statements made by the investigating officer incorporate the testimony on the tapes, not whether the defense can show inconsistencies which could be used to impeach the witnesses. One should not confuse this test with this Court's prerogative to inspect, in camera, and determine the usefulness of statements which are available, but refused the defense. *United States v. Dixon*, 7 M.J. 556 (ACMR 1979). The Government does not contend and no evidence in the record suggests that the statements included in the Article 32 investigation and provided the defense substantially incorporates the testimony of the witnesses which was on the tapes. Second, when we consider the status of the evidence without the testimony of the three witnesses in question there is no evidence that the accused committed any offense. *United States v. Jarrie*, 5 M.J. 193 (CMA 1978). Therefore, under either test the error in this case was not harmless.

Accordingly, the findings of guilty and the sentence are set aside. A rehearing is ordered.

EARLY, Chief Judge, and KASTL, Judge, concur.