UNITED STATES

v.

**Johnny R. STRAND, 148 56 0817, Fireman (E–3), U.S. Navy.**

NMCM 83 1683.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 3 Dec. 1983.

Decided 11 Jan. 1984.

LCDR Richard K. Delmar, JAGC, USNR, Appellate Defense Counsel.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LCDR D.L. Kelly, JAGC, USN, Appellate Government Counsel.

Before EOFF, C.J., and RAPP and MIELCZARSKI, JJ.

PER CURIAM:

Contrary to his pleas appellant was convicted by a general court-martial members trial of conspiracy, wrongful transfer and sale of cocaine on separate occasions, and wrongful possession of marijuana (in hashish form) in violation of Articles 81, 92, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 892, 934. He was sentenced to confinement at hard labor for two years, forfeiture of all pay and allowances, payment to the United States of a fine of $1,500.00, reduction to pay grade E–1, and a bad conduct discharge. The convening authority disapproved the findings of guilty of conspiracy and reassessed the sentence, approving it as adjudged. We find merit with the first assignment of error and accordingly set aside the convening authority's action and return the record to the Judge Advocate General

of the Navy for transmittal to the convening authority for the action ordered hereinafter. Our reasons follow.

I

## THE MILITARY JUDGE ERRED BY REFUSING TO ORDER THE GOVERNMENT TO PRODUCE THE TAPE RECORDINGS OF THE TESTIMONY OF DISBURSING CLERK THIRD CLASS ECKERT, SEAMAN BAILEY, YEOMAN SEAMAN APPRENTICE MARSHALL AND SEAMAN RECRUIT SPRAGUE, GIVEN AT THE ARTICLE 32 INVESTIGATION IN THE CASE (SIC) OF *UNITED STATES v. STRAND, UNITED STATES v. VALENCIA,* AND *UNITED STATES v. WASHINGTON,* WHEN REQUESTED BY THE DEFENSE PURSUANT TO THE JENCKS ACT, 18 U.S.C. § 3500.

This case was tried on board the USS PUGET SOUND while the ship was underway in the Mediterranean Sea. The trial defense counsel moved to compel production of Article 32 Investigation tapes of named Government witnesses pursuant to provisions of the Jencks Act 18 U.S.C. § 3500. In addition to tapes from appellant's own Article 32 Investigation, the trial defense counsel also requested tapes from the Article 32 Investigation in companion cases of *United States v. Washington,* No. 83 1938 (N.M.C.M.R. 15 September 1983) and *United States v. Valencia,* No. 83 2073 (N.M.C. M.R. 11 January 1984), in which one key Government witness had also made statements. The prosecution opposed the motion because the tapes were not then on board the ship, but were in Naples, Italy, at the Naval Legal Service Office (NLSO). The prosecution argued that the tapes were available to the defense counsel at the NLSO for a substantial period of time prior to embarkation on the PUGET SOUND since both the investigating officer and defense counsel were attached to that office. No request for the tapes had been made before leaving Naples. Although the trial counsel had sent a priority message requesting that the tapes be sent to meet the ship at a scheduled port call, the prosecution opposed a continuance to provide the tapes because the request was untimely.[1]

In response the trial defense counsel argued that he had previously requested verbatim transcripts of the witnesses' testimony at the investigations but the request was denied. In addition, he was not present at two of the investigations and he had only recently become aware of apparent inconsistencies in statements made by the witnesses. He argued that although the military judge had agreed to hear the motion at an Article 39(a), 10 U.S.C.A. § 839(a), hearing prior to the assembly of the court-martial and any testimony of the witnesses, a motion to produce statements pursuant to the Jencks Act is timely if made after the witnesses have testified on prosecution direct examination.

Thereafter the military judge orally reviewed on the record administrative considerations any delay would cause his circuit's trial docket and his apparent need to litigate to conclusion the three general courts-martial scheduled for trial on board the PUGET SOUND in order to maintain his schedule. He noted that non-verbatim summaries of the witnesses' statements contained in the three Article 32 Investigations were on board and available to the defense. He reasoned that because the tapes were not then on board and since the defense had prior access to the tapes, the motion to produce was in essence a request for a continuance and denied the motion. In further explanation of his ruling, the military judge indicated that if the tapes were on board the ship he would instruct the prosecution to deliver them to the defense, but he would not continue the case for that purpose.

1. The record of trial in the companion case of *United States v. Washington,* No. 83 1938 (N.M. C.M.R. 15 September 1983), on page 28 reflects that the requested Article 32 Investigation tapes were received on board the PUGET SOUND on 9 December 1982. Appellant's court-martial concluded on 2 December 1982.

■ The applicability of the Jencks Act to court-martial practice is well established. *United States v. Albo,* 22 U.S.C.M.A. 30, 46 C.M.R. 30 (1972); *United States v. Heinel,* 9 U.S.C.M.A. 259, 26 C.M.R. 39 (1958). The purpose of the Jencks Act is not to provide a general right of discovery but to permit an accused to use pretrial statements for cross-examination purposes where some inconsistencies or omissions appear in a witness' testimony. *United States v. Jarrie,* 5 M.J. 193 (C.M.A.1978) (Cook, J., dissenting), and the cases cited therein. The trial defense counsel, not the military judge, is the appropriate party to determine the effective use of a witness' prior statement for purposes of impeachment. *United States v. Dixon,* 8 M.J. 149 (C.M.A.1979). A tape recording of a witness' testimony given at an Article 32 Investigation is the proper subject of a Jencks Act motion. *United States v. Crumb,* 10 M.J. 520 (A.C.M.R.1980) (Jones, S.J., concurring); *United States v. Patterson,* 10 M.J. 599 (A.F.C.M.R. 1980).

■ We are unable to find any basis in law which permits a trial judge to transpose a defense motion to produce statements made under authority of the Jencks Act into a motion for a continuance. We will therefore treat the military judge's denial of the motion as a denial of the defense motion as originally phrased—to produce pretrial statements of prosecution witnesses contained on tape recordings of Article 32 Investigations predicated on the defense's statutory right to the statements contained in the Jencks Act. In this light the ruling of the military judge was clearly erroneous. The Court of Military Appeals has held that the Jencks Act does not permit a judge to engage in considerations of delay of trial in ruling on a motion to produce under the Act. *United States v. Dixon, supra.*

■ Having determined that the military judge erred, we must next determine the effect of his error. Not every Jencks Act error is prejudicial. *United States v. Dixon, supra; United States v. Boyd,* 14 M.J. 703 (N.M.C.M.R.1982). Appellate authorities may review the content of requested documents and if the material contains nothing inconsistent with a witness' testimony and nothing that could otherwise be of value to the defense, reversal of the findings of guilty is not necessary. *United States v. Dixon, supra; United States v. Herndon,* 5 M.J. 175 (C.M.A.1978) (Cook, J., concurring in the result).

Since neither the tapes nor verbatim transcripts were attached to the record of trial as an exhibit as required by the Jencks Act, 18 U.S.C. § 3500(b), (c), we are unable to conduct a review for prejudice without first ordering production of the transcripts. *See United States v. Dixon, supra.* However, in view of the timely defense objection to the adequacy of the staff judge advocate's review on this issue, we believe it will best serve the interests of justice to return the record to the convening authority for production of verbatim transcripts of the relevant statements and initial examination for prejudice at his level.

Accordingly, the action of the convening authority is set aside. The record is returned to the Judge Advocate General of the Navy for transmittal to the convening authority who shall cause verbatim transcripts to be made of the relevant witnesses' testimony which shall be attached to the record as appellate exhibits. The convening authority shall refer the record for a new staff judge advocate's review and, thereafter, service of the review on the defense in accordance with *United States v. Goode,* 1 M.J. 3 (C.M.A.1975), before taking his action.