**UNITED STATES, Appellant,**

v.

**Thomas F. DERRICK, 555 90 4277 Machinist's Mate Third Class (E–4) U.S. Navy, Appellee.**

**Misc. No. 85–17.**

U.S. Navy-Marine Corps Court of Military Review.

23 Jan. 1986.

LT MICHAEL MUDGETT, JAGC, USNR, Appellate Government Counsel.

MAJ MICHAEL E. CANODE, USMC, Appellate Defense Counsel.

LT GARY K. VAN METER, JAGC, USNR, Appellate Defense Counsel.

GRANT, Judge:

At a general court-martial, the appellee was charged in the alternative with stealing and wrongfully receiving seven plates of anode silver valued in excess of $4,000.00, property of the U.S. Government, in violation of Articles 121 and 134, respectively, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 921, 934, and one specification of wrongfully selling three of the plates in violation of Article 108, UCMJ, 10 U.S.C. § 908. At an Article 39(a), 10 U.S.C. § 839(a), session, the trial judge granted the motion of the trial defense counsel to suppress the testimony of key government witnesses, on grounds that tape recordings made of their testimony at the Article 32, 10 U.S.C. § 832, Investigation had been lost and the appellee's rights under the circumstances were thereby substantially prejudiced.

The Government timely appealed the decision of the trial judge under Article 62, UCMJ, 10 U.S.C. § 862, arguing the trial judge's findings were erroneous as a matter of law because the appellee did not present substantial and positive evidence establishing the existence of the tape recordings as required by the Jencks Act, 18 U.S.C. § 3500 (1985) [1] (incorporated in Rule

---

1. In pertinent part, 18 U.S.C. § 3500 provides:

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

. . . .

(e) The term "statement", as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—

for Courts-Martial (R.C.M.) 914), and assuming such statements existed, their nondisclosure was harmless under the circumstances. An analysis of the facts before the trial judge and his findings of fact are necessary in addressing the assigned errors.

### Summary of Evidence

The Article 32 investigating officer's recollection of events at the Article 39(a) session was vague, and the essence of his testimony left open the question of whether he in fact tape recorded the testimony of the government witnesses. However, it was his practice to make tape recordings in difficult cases where multiple witnesses appeared, and he did recall making a tape recording in a different case at about the same time he investigated the present one. He could not, however, remember if he made a tape recording of the government witnesses in the present case, and a search of his records failed to reveal the existence of such tape recordings. The appellee testified that he saw a female court reporter tape recording both sessions of the Article 32 Investigation, but the only female court reporter available at the time was represented through a stipulation of expected testimony not to have tape recorded the Article 32 Investigation. The defense counsel offered a stipulation of expected testimony that she distinctly recalled the Article 32 investigating officer tape recording the testimony of the government witnesses, and that as a result she was less vigilant in taking notes during the proceedings.

### I.

█ The appellant's first assignment of error is denied. The trial judge made definitive findings of fact that tape recordings were made of government witnesses at the Article 32 Investigation which were subsequently lost, misplaced, erased, or destroyed while in the possession and through the negligence of the Article 32 investigating officer. We find substantial and positive evidence of record in accordance with the standards of proof required by *United States v. Ostrander*, Misc.Dkt. No. 84–06 (N.M.C.M.R. 19 December 1984) to support the findings of the trial judge with due deference to the fact that he observed the witnesses and was in the best position to determine credibility in light of all the evidence of record.

### II.

█ The applicability of the Jencks Act to courtroom practice is well established. *United States v. Albo*, 22 U.S.C. M.A. 30, 46 C.M.R. 30 (1972); *United States v. Heinel*, 9 U.S.C.M.A. 259, 26 C.M.R. 39 (1958). Furthermore, the tape recording of testimony given at an Article 32 Investigation is properly the subject of a Jencks Act motion to produce such evidence. *United States v. Strand*, 17 M.J. 839 (N.M.C.M.R. 1984). However relief is not warranted for a Jencks Act violation in the absence of demonstrating the rights of the appellee were prejudiced, where the loss of evidence in the Government's possession was the result of the Government's simple negligence. *Killian v. United States*, 368 U.S. 231, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961).

In the present case, the trial judge found in pertinent part: (1) that the verbatim tape recorded testimony at the Article 32 Investigation was not substantially preserved in the synopsis of evidence recorded in the Article 32 Investigative Report or in any other form; (2) failure to provide these tapes made it impossible to determine if testimony given at trial would be inconsistent; (3) inconsistencies between testimony at trial and testimony given under oath during an adversarial pretrial investigation would likely be afforded greater weight in testing the credibility of these witnesses

---

.... (e)(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement....

than prior statements not so obtained; (4) prejudice was suffered by the defense's failure to adequately record testimony of the witnesses at the Article 32 because of reliance upon having the tapes available following testimony of these witnesses at trial; and (5) the prejudice suffered by the defense requires that the testimony of these witnesses not be allowed.

The Article 32 investigating officer claimed that relevant testimony of the government witnesses was preserved in the record of proceedings in his narrative summary of the evidence and/or in his reference to the documentation attached to his investigative report. Upon carefully examining his testimony, however, we agree with the trial judge that the tape recorded testimony was not substantially preserved in the investigating officer's report. The investigating officer readily admitted that he did not summarize the testimony of the government witnesses at the Article 32 Investigation, but attached their written statements made before the Article 32 Investigation as relevant summaries of their testimony which they adopted at the Article 32 Investigation. We are left with the word of the investigating officer that had any relevant evidence been developed during the Article 32 Investigation beyond that contained in the statements of the witnesses made prior to the investigation, he would have synopsized it in his report. As such, we conclude that the synopsis of evidence alluded to by the investigating officer could not fairly be said to be the statements of the witnesses, but rather the product of the investigating officer's selections, interpretations, and interpolations, which the Jencks act was designed specifically to guard against. *See Palermo v. United States*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959).

█ An examination of the requirements of the Jencks Act, however, does not end with a finding that the tape recordings were not substantially summarized in the investigative report, but whether as a result thereof the appellee was prejudiced. *United States v. Albo*, 46 C.M.R. at 34. In this case, the government witnesses did not testify on the motion and the appellee did not proffer that their testimony at trial would be substantially different than their Article 32 testimony. Furthermore, the appellee did not proffer his theory of the case or any particulars in regard to how he would be impaired in defending against the charges, nor did the appellee request the notes taken by the investigating officer in regard to the testimony of the government witness at the Article 32 Investigation. Under such circumstances, the finding of prejudice by the trial judge is not supported by the evidence of record. *United States v. St. Clair*, 19 M.J. 833 (N.M.C.M. R.1984). In this regard, the observations of the appellee and defense counsel at the Article 32 Investigation are more than sufficient to protect the appellee's rights at trial and to raise the issue again, if deficiencies in the record of the Article 32 Investigation actually preclude the defense from effectively cross-examining any of the government witnesses, *United States v. Thomas*, 7 M.J. 655 (A.C.M.R.1979), and if the notes taken by the investigating officer, heretofore neither requested by the appellee nor viewed by the trial judge, do not adequately supplement the deficiencies in the Article 32 Investigative Report. *See* R.C.M. 703(f)(2).

Accordingly, we reverse the decision of the trial judge in suppressing the testimony of the government witnesses whose tape recorded testimony at the Article 32 Investigation was lost and remand the record of trial for further proceedings not inconsistent with our decision.

Senior Judge KERCHEVAL and Judge RAPP concur.