UNITED STATES

v.

Johnny R. STRAND, 148 56 0817, Fireman (E–3), U.S. Navy.

NMCM 83 1683

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 3 Dec. 1982.

Decided 31 Jan. 1986.

LCDR FREDERICK N. OTTIE, JAGC, USN, Appellate Defense Counsel.

LCDR ALVIN L. MCDONALD, JAGC, USN, Appellate Defense Counsel.

MAJ MICHAEL E. CANODE, USMC, Appellate Defense Counsel.

LT J.K. IANNO, JAGC, USNR, Appellate Government Counsel.

Before KERCHEVAL, RAPP and GRANT, JJ.

RAPP, Judge:

We have examined the record of trial, the assignment of error in the appellant's most recent brief, the assignments of error in his original brief before this Court and the Government's reply thereto.

## I

We will begin with the assignment of error presented to us in both the appellant's original and most recent briefs:

### Original Brief

#### I

THE MILITARY JUDGE ERRED BY REFUSING TO ORDER THE GOVERNMENT TO PRODUCE THE TAPE RECORDINGS OF THE TESTIMONY OF DISBURSING CLERK THIRD CLASS E[_____], SEAMAN B[_____], YEOMAN SEAMAN APPRENTICE M[_____], AND SEAMAN RECRUIT S[_____], GIVEN AT THE ARTICLE 32 INVESTIGATIONS IN THE CASE [sic] OF *UNITED STATES V. STRAND, UNITED STATES V. VALENCIA,* AND *UNITED STATES V. WASHINGTON,* WHEN REQUESTED BY THE DEFENSE PURSUANT TO THE *JENCKS ACT,* 18 U.S.C. § 3500.

### Most Recent Brief

APPELLANT'S SUBSTANTIAL RIGHT TO CONFRONT AND CROSS-EXAMINE HIS ACCUSERS WAS MATERIALLY PREJUDICED WHEN THE MILITARY JUDGE ERRED BY REFUSING TO ORDER THE GOVERNMENT TO PRODUCE THE TAPE RECORDINGS OF THE TESTIMONY OF DISBURSING CLERK THIRD CLASS E[_____], SEAMAN B[_____], YEOMAN SEAMAN APPRENTICE M[_____] AND SEAMAN RECRUIT S[_____], GIVEN AT THE ARTICLE 32 INVESTIGATIONS IN THE CASE [sic] OF *UNITED STATES V. STRAND, UNITED STATES V. VALENCIA,* AND *UNITED STATES V. WASHINGTON,* WHEN REQUESTED BY THE DEFENSE PURSUANT TO THE *JENCKS ACT,* 18 U.S.C. § 3500.

Our earlier decision in this case, *United States v. Strand,* 17 M.J. 839 (N.M.C.M.R. 1984), returned the record of trial for attachment of the verbatim transcripts of the tape recordings of testimony by several witnesses (Disbursing Clerk Third Class (DK3) E, Seaman (SN) B, Yeoman Seaman Apprentice (YNSA) M and Seaman Recruit (SR) S) at the Article 32, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 832, pretrial investigation for this case and two related cases, *United States v. Valencia,* No. 83 2073 (N.M.C.M.R. 11 January 1984) and *United States v. Washington,* No. 83 1938 (N.M.C.M.R. 15 September 1983), so that we could determine whether the appellant had been prejudiced by the military judge's refusal to order production of such tapes at trial when requested by the accused. Although this case was resubmitted to us in June of 1984, we had to return it a second time for failure to provide all the information specified by our earlier opinion. Upon the third submission of the case to us, our request has still not been completely satisfied, as the verbatim tran-

script from *Washington* is absent, and the Government has not been able to explain with certainty what happened to that tape. Based on a post-trial document attached to the record the Government has suggested that the *Washington* tapes were erased in the normal course of business for reuse, but we regard this as mere speculation and consider it no excuse as the Government was on notice that the tapes were relevant to this case and *Valencia.*

The failure of the Government to comply fully with our earlier opinion requires us to change our focus somewhat. On the one hand, having reviewed the materials provided to us we have concluded that (a) the testimony of YNSA M and SR S is of no apparent relevance, because they testified solely regarding offenses of which the appellant was acquitted, and (b) as SN B testified only at the pretrial investigation for the present case we can compare the verbatim transcript now provided to us with the investigating officer's summary of SN B's testimony and make a determination of prejudice. On the other hand, the absence of the *Washington* tape and transcript of DK3 E's testimony raises a different issue which is not so easily resolved. Insisting that the lack of tape or transcript precludes us from testing for prejudice, the appellant urges us to strike DK3 E's testimony from the record.

■ Our earlier opinion in this case generally analyzed the application of the Jencks Act, 18 U.S.C. § 3500, in the context of court-martial proceedings, so we will not repeat that discussion. Beginning where we left off earlier, we proceed from the well-established principle that not every failure to comply with the Jencks Act is error. *See United States v. Albo,* 22 U.S. C.M.A. 30, 46 C.M.R. 30 (1972). In appropriate circumstances the Government can rely on the so-called "good faith" exception to the Jencks Act. *See Killian v. United States,* 368 U.S. 231, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961). Such exception is not part of the statutory law but has been created by the courts. Even when the "good faith" exception does not excuse the Government's failure to produce materials sought by the defense, exclusion of a witness's testimony is not mandatory if only harmless error is present. *United States v. Patterson,* 10 M.J. 599 (A.F.C.M.R.1980). In determining whether prejudicial or harmless error has occurred, this Court has, along with the Army and Air Force Courts of Military Review, adopted a balancing test which considers all relevant matters and does not rely on any particular factor. *United States v. Boyd,* 14 M.J. 703 (N.M.C.M.R.1982). *See United States v. Bosier,* 12 M.J. 1010 (A.C.M.R.1982) and *Patterson, supra.* This test requires us to look closely at the circumstances, balancing the Government's culpability against potential prejudice to the appellant caused by lack of access to the missing tape; i.e., we are concerned with the bad faith or negligence of the Government, the evidence of appellant's guilt adduced at trial, and the importance of the evidence lost. *Boyd,* 14 M.J. at 706. We see no indication of bad faith or impropriety by the Government in the record, nor has any been suggested by the defense. The contrary is evident from the Government's extensive efforts to satisfy the requests for the Article 32 investigation tapes, resulting in provision of two out of three verbatim transcripts, including the one from the appellant's own pretrial investigation. Even if we presume negligent loss by the Government we are not compelled to rule in the appellant's favor. *Patterson,* 10 M.J. at 601. Accordingly, we must assess the possibility of prejudice.

■ Before beginning our inquiry we consider it important to put the Jencks Act into perspective; i.e., a criminal trial is a quest for truth rather than an adversarial game, and the Jencks Act is a way to aid that quest. *Cf. Rosenberg v. United States,* 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959). It is sufficient if the information provided to the defense is substantially similar. *Boyd,* 14 M.J. at 706. The same is true if the information from the original medium is fully incorporated into a summary. *Patterson,* 10 M.J. at 601.

The facts show that the appellant was represented by the same competent military counsel at both his Article 32 pretrial investigation and his trial. The *Washington* pretrial investigation was held in the same location and close in time to this case and *Valencia.* Also the tapes of the three completed pretrial investigations were located at the Naval Legal Service Office, Naples, Italy, where the appellant's counsel was assigned for duty, and were readily available to him. We thus conclude that the trial defense counsel, with diligence, could have informed himself of the matters now in question. Furthermore, our own comparison of the verbatim transcript with the investigating officer's summaries in this case and *Valencia* persuades us that there is virtually no difference between summary and transcript, but rather reveals exceptionally thorough summaries which essentially paraphrased the tapes and were promptly prepared. As the same investigating officer also presided in *Washington,* we can presume that her summarization in *Washington* was just as thorough and accurate as the other two. Further, the investigating officer was in a neutral position without motive to fabricate, so the situation is not subject to the type of manipulation which is possible when the summary is prepared by the very witness whose testimony is under impeachment. *See United States v. Carrasco,* 537 F.2d 372, 377 (9th Cir.1976). Comparison of the *Washington* summary with the *Strand* and *Valencia* tape transcripts and the investigating officer's summaries shows no significant inconsistencies. The thorough summarization ensures that the transfer of the testimony from one medium (tape recording) to another (written summarization) did not impair the appellant's ability to cross-examine the witnesses. *Cf. United States v. Myers,* 13 M.J. 951 (A.F.C.M.R. 1982). In fact, trial defense counsel's cross-examinations were lengthy and comprehensive and we consider any tactical advantage to the trial defense counsel through confronting the witness with an actual verbatim transcript is minor, adding little to the means of impeachment already available. Thus, we do not have the kind of uncertainties that necessitated corrective action in *United States v. Jarrie,* 5 M.J. 193 (C.M.A.1978), where summarization of an informant's statement was untimely and of dubious accuracy. We are confident that the appellant had substantially the same information as if he had received the *Washington* tape of DK3 E's testimony which was fully incorporated into the summary. Moreover, balancing the Government's fault against the remote possibility of harm to the appellant, we conclude that the appellant suffered no prejudice.

## II

Next we will briefly discuss the appellant's remaining assignments of error. Any deficiencies in the staff judge advocate's review are minor and therefore have negligible effect on the substantially sound advice otherwise contained therein. The evidence of record is adequate to support the members' findings of guilt for Specifications 4 and 12 under Charge II, as the members were in the best position to evaluate the credibility of the witnesses, and we will not disturb their findings in the absence of good cause. The convening authority's premature execution of the sentence is a legal nullity. Article 71(c), UCMJ, 10 U.S.C. § 871(c). The court-martial order should be amended to incorporate the modifications to Specifications 6, 7, 8, 12, 13 and 14 under Charge II; the dismissal of Specifications 5, 13 and 14 under Charge II; the fact that no prior convictions were considered by the court; the date of trial; and the date the sentence was adjudged.

We affirm the findings and sentence as approved on review below.

Senior Judge KERCHEVAL and Judge GRANT concur.