**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10352 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00054-JMR-CRP-1 |
| v. | |
| RANDY PATES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Argued and Submitted November 29, 2010
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

This is an appeal from a judgment of conviction and sentence for possession

with intent to distribute marijuana, conspiracy to import marijuana, importation of

marijuana, and conspiracy to possess with intent to distribute marijuana in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

violation of 21 U.S.C. §§ 841, 846, 952 and 960. The district court sentenced Pates to 90 months imprisonment, followed by 48 months of supervised release.

Pates' central position in this appeal is related to his low IQ score. He first contends that the district court erred in finding that his written waiver of *Miranda* rights was voluntary and knowing. Before signing the waiver, he had the rights explained to him and indicated that he understood them. There was no evidence that any mental deficiencies or insufficiencies affected his understanding. Nor was there any evidence that his confession, which followed the waiver, was anything other than voluntary. The fact that Agent Perez accused Pates of lying does not itself make the questioning coercive. *United States v. Wolf*, 813 F.2d 970, 975 (9th Cir. 1987). There was no error.

Although the government provided the defense with a copy of Agent Perez's report of his interview of Pates, the defense asked, in addition, for Perez's handwritten notes. The district court did not err in declining to require the government to produce the notes. The district court pointed out that all of the matters contained in the notes of Perez's interview with the defendant were in the report. Therefore, even assuming that the notes were "statements" within the meaning of the Jencks Act, the defendant did not suffer any prejudice.

Moreover, Agent Perez used the notes to complete the report and it was the report that was intended to be communicated to others. For that reason, we have explained that in a typical case only the formal interview report, through which the agent intends to communicate to others, will be a "statement" under the Jencks Act. *United States v. Reed*, 575 F.3d 900, 921 (9th Cir. 2009) (quoting *United States v. Griffin*, 659 F.2d 932, 938 n.4 (9th Cir. 1981)). An agent's handwritten notes are usually too incomplete to constitute statements envisioned by the Jencks Act. *Griffin*, 659 F.2d at 937. This case is unlike *United States v. Johnson*, 521 F.2d 1318 (9th Cir. 1975), upon which Pates relies. In *Johnson*, we held that the district court erred in not inspecting the agent's handwritten notes *in camera* because we said that the court might have decided that the agent's notes were "adopted and approved" by him. *Id.* at 1319. Here, only the report itself was "adopted and approved" by Perez as his own statement.

The district court did not err in refusing to permit Pates' sister to testify about his mental deficiencies, as she was in no position to testify as to the defendant's understanding of the crime with which he was charged and convicted. The district court also did not err in concluding that the "nine steps of interrogation" were irrelevant because Agent Perez did not use them during the interview. Therefore, the district court did not abuse its discretion in limiting

3

defense counsel's cross-examination of Agent Perez.  Similarly, David Mendham's testimony was appropriately limited to exclude events that occurred almost a year earlier, and had no relevance to defendant's case.

There was no error in refusing to give a diminished capacity instruction, for as the district court observed, there is no indication that the defendant's mental condition affected his ability to understand the crime at the time it was committed. For similar reasons, the district court did not err in finding that a downward departure was unwarranted.  The sentence was reasonable.

**AFFIRMED**.