# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Staff Sergeant TAHIR L. MUWWAKKIL**
**United States Army, Appellee**

ARMY MISC 20140536

Headquarters, 10th Regional Support Group
Wendy P. Daknis, Military Judge
Lieutenant Colonel May L. Nicholson, Staff Judge Advocate

For Appellant: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Kenneth W. Borgnino, JA (on brief).

For Appellee: Colonel Kevin Boyle, JA; Captain Nicholas J. Larson, JA (on brief).

26 August 2014

---------------------------------------------------------------------------
OPINION OF THE COURT AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
---------------------------------------------------------------------------

KRAUSS, Judge:

Appellee is charged with rape and assault consummated by a battery in violation of Articles 120 and 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920, 928 (2012). The United States filed a timely appeal with this court pursuant to Article 62, UCMJ, contending that the military judge abused her discretion by striking the alleged victim's testimony in its entirety in light of a Jencks Act violation, thus excluding evidence that is substantial proof of a fact material in the proceeding. The United States does not dispute the fact that a Jencks Act violation occurred, but rather only appeals the military judge's resort to the drastic remedy of striking the relevant witness's testimony in its entirety. We hold the judge did not abuse her discretion in striking the testimony at issue.

## BACKGROUND

Appellant is accused of raping and assaulting GP. GP testified at an Article 32, UCMJ, hearing convened to investigate the preferred charges. The government recorded her testimony in its entirety. Two recording devices were used. One malfunctioned during the hearing but, because the second functioned properly, the testimony was nevertheless recorded.

Present for GP's testimony at the hearing were the Investigating Officer, trial counsel, appellee's trial defense counsel, that counsel's senior defense counsel observing, a trial defense paralegal, and the paralegal recording the hearing. The defense paralegal took about 20 pages of notes during GP's testimony. The investigating officer prepared and completed his report based on his notes and recollection of the hearing, including GP's testimony.

After the hearing, the responsible paralegal summarized GP's testimony based upon this recording. He placed the device upon which the testimony was recorded in the drawer of his colleague's desk. Testimony established that though the paralegal should have backed up this recording by copying it to a disc, in accordance with what was understood to be standard operating procedure in the office, he never did. The recording of GP's testimony on that device was subsequently deleted. The direct, cross, and investigating officer examination of GP amounted to about 2 hours and 15 minutes of recorded testimony. Of that, only about 52 minutes comprising her direct testimony was preserved from the other recording device before it malfunctioned. None of the cross-examination by defense counsel or examination by the investigating officer was preserved. No verbatim transcript of her testimony was ever prepared.

After GP's testimony on direct examination was complete at trial, appellee moved to strike the entirety of her testimony due to a violation of the Jencks Act and Rule for Courts-Martial [hereinafter R.C.M.] 914. After receiving evidence and hearing argument on the matter, the judge granted appellee's motion. The military judge concluded that neither the summarized transcript, the defense paralegal's notes, nor the investigating officer's notes comprised substantially verbatim transcripts of GP's testimony. She therefore concluded that striking GP's testimony was a necessary and appropriate remedy under the circumstances.

The government, acting within its discretion under Article 62(a)(1)(B), UCMJ, and R.C.M. 908(a), appealed the military judge's decision essentially complaining that the judge abused her discretion by striking the victim's testimony because: (1) there was no showing of gross negligence on the part of the government; (2) the Jencks Act violation does not prejudice appellee; and (3) striking GP's testimony is unduly extreme under the circumstances of this case.

### *Military Judge's Findings and Conclusions*

The military judge made no written findings of fact and conclusions of law but rather announced them on the record; of these, the following are essential to the consideration and resolution of the matter at hand:

The summarized transcript of GP's Article 32 testimony "is not a substantially verbatim" transcript of that testimony;

There was no "positive control over the paralegals in the military justice section to ensure that they understood the importance of the audio and that it was in fact evidence that needed to be preserved";

The government failed to maintain "accountability internally within the military justice shop";

The government did not purposely delete the recording "to deprive the accused or the defense of this audio . . . [and] the evidence is that they did want to maintain it; they just failed to by not following proper procedures";

The loss of the recording was certainly negligent and may amount to gross negligence;

"[I]mpeaching [GP] is the defense's most important strategy";

"[The Investigating Officer] indicated that GP's testimony has been inconsistent with previous statements";

"In order to properly impeach [GP], the defense needs to have access to [that recording]";

Neither the defense paralegal's notes nor those of the investigating officer are adequate substitutes because neither are sufficiently verbatim;

There is no substitute available for that recording in this case;

> [I]t's not up to the military judge to determine whether or not that statement is useful. It's not my job to look through it and ensure that every single inconsistency is made. My job is to ensure that the defense counsel has the tools he needs for adequate cross-examination in accordance with the law which is the Jencks Act and R.C.M. 914 which codifies that in the military justice system[; and]

3

"[T]he defense counsel does not have what he needs to adequately prepare for cross-examination of [GP]. It is based on the government's actions which involve negligence. I don't believe it can be remedied in any way other than to strike the testimony of [GP]."

The government subsequently moved the military judge to reconsider requesting, among other things, that she order the production of the defense paralegal's notes for review. The judge denied the government's request for reconsideration and, accepting the defense counsel's proffer[1], found that the defense paralegal's notes were not available.

## LAW AND DISCUSSION

### *Standard of Review*

The parties analogize the present situation with that of a judge's ruling on a motion to suppress evidence and agree that the standard of review is abuse of discretion as applied under Article 62. The analogy is apt. A judge's ruling on a Jencks Act violation, effectively excluding evidence, is likewise reviewed for abuse of discretion. *United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1031 (9th Cir. 2009); *United States v. DeFranco*, 30 F.3d 664, 667 (6th Cir. 1994); *United States v. Wables*, 731 F.2d 440, 447-48 (7th Cir. 1984); *see also United States v. Albo*, 22 U.S.C.M.A. 30, 33, 46 C.M.R. 30, 33 (1972). Accordingly, and especially under Article 62, our standard of review is necessarily deferential:

> "In reviewing a military judge's ruling on a motion to [strike under the Jencks Act and R.C.M. 914], we review factfinding under the clearly-erroneous standard and conclusions of law under the de novo standard." *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995). "Thus on a mixed question of law and fact . . . a military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.* The abuse of discretion standard calls "for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (quoting *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010)).

---

[1] In its initial submission to the military judge on the matter, the defense also provided a detailed explanation for the lack of any such notes.

4

> When reviewing matters under Article 62(b), UCMJ, [a service] court may act only with respect to matters of law. *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004). "When a court is limited to reviewing matters of law, the question is not whether a reviewing court might disagree with the trial court's findings, but whether those findings are 'fairly supported by the record.'" *Id.* (quoting *United States v. Burris*, 21 M.J. 140, 144 (C.M.A. 1985)). When reviewing a ruling on a motion to [strike under the Jencks Act and R.C.M. 914], "we consider the evidence in the light most favorable to the prevailing party." *United States v. Cowgill*, 68 M.J. 388, 390 (C.A.A.F. 2010) (quoting *United States v. Reister*, 44 M.J. 409, 413 (C.A.A.F. 1996)).

*United States v. Baker*, 70 M.J. 283, 287-88 (C.A.A.F. 2011).[2]

### *Jencks Act and R.C.M. 914*

The Jencks Act, 18 U.S.C. § 3500, and its incorporation within the military justice system under R.C.M. 914, require the government to preserve and produce prior verbatim statements of witnesses upon demand by the defense. Article 32 recordings of witness testimony are included as statements under the Jencks Act. *United States v. Marsh*, 21 M.J. 445, 451 (C.M.A. 1986); *United States v. Lewis*, 38 M.J. 501, 508 (A.C.M.R. 1993).

Where the government's loss of such statements is due to bad faith or gross negligence, striking the testimony of the witness whose statement is lost is mandated. *See Marsh*, 21 M.J. at 452 (citing *United States v. Jackson*, 450 A.2d 419, 427 (D.C. 1982)). When the government, as here, carelessly fails to maintain and produce a statement under its Jencks Act obligations, the judge is required to consider and balance the totality of relevant circumstances and resolve whether and what fashion of remedy is appropriate. *See id.* at 451-52 (relying on *Jackson*, 450 A.2d 419 and *United States v. Bryant*, 439 F.2d 642, 651-52 (D.C. Cir. 1971)), *abrogated on other grounds by Arizona v. Youngblood*, 488 U.S. 51 (1988)); *United States v. Bosier*, 12 M.J. 1010, 1013-14 (A.C.M.R. 1982); *United States v. Ali*, 12 M.J. 1018, 1020 (A.C.M.R. 1982); *see also United States v. Jarrie*, 5 M.J. 193, 195 (C.M.A. 1978) (addressing the limits of the so-called "good faith" exception and appropriate action in the absence of good faith); *United States v. Carrasco*, 537 F.2d 372, 376-78 (9th Cir. 1976). Those circumstances include, among others, the degree

---

[2] We have no authority to find facts under Article 62, UCMJ, and are confined to the trial judge's findings of fact and reasonable interpretation and characterization of the same. *Baker*, 70 M.J. at 289-90.

of negligence on the part of the government, the extent to which the defense might adequately rely on substitutes for the lost statement, and the importance of the lost statement to the presentation of the defense. *See, e.g., Marsh*, 21 M.J. at 451-52; *Bosier*, 12 M.J. at 1014 (citing *Bryant*, 439 F.2d at 653).[3] However, it is not for the judge to determine how useful the lost statement might be in cross-examination; that judgment is for the defense counsel. *See United States v. Dixon*, 8 M.J. 149, 152 n.7 (C.M.A. 1979).

By resolving the question of remedy in the manner described, a trial judge acts well within her discretion. *See Marsh*, 21 M.J. at 452 (citing *United States v. Perry*, 471 F.2d 1057, 1068 n.47 (D.C. Cir. 1972) ("As the Supreme Court noted in a slightly different context in *Palermo v. United States*, 360 U.S. 343, 353 (1959), administration of the Jencks Act must rest 'within the good sense and experience of the district judge . . . and subject to the appropriately limited review of appellate courts.'")); *see also United States v. Boyd*, 14 M.J. 703, 705 (N.M.C.M.R. 1982) ("[I]mplementation of the Act must be entrusted to the good sense and experience of the trial judge subject to appropriately limited review of appellate courts." (quoting *United States v. Augenblick*, 393 U.S. 348, 355 (1969) (internal quotation marks omitted))). And the judge in this case did just that.

The government concedes simple negligence for the loss of the recording, but contends that any finding of gross negligence is clearly erroneous. However, as the government correctly points out, the judge never did make a clear finding of gross negligence. In any event, the judge's finding that the government's loss of the required statement was due to its negligence is amply supported by evidence in the record and necessarily triggers the totality of circumstances test described above to determine an appropriate remedy for the Jencks Act violation.[4]

There is no evidence that the government destroyed the statement in "good faith" or was otherwise blameless in its destruction. *See, e.g., Carrasco*, 537 F.2d at 376; *Lewis*, 38 M.J. at 508 (citing *Jarrie*, 5 M.J. at 195). Beyond that, the government simply disagrees with the judge's exercise of her discretion as to the proper remedy. Any disagreement any of us might have with the judge's exercise of

---

[3] In cases where a trial judge erroneously fails to strike affected testimony, appellate courts further consider the strength of the evidence of appellant's guilt otherwise to determine whether the error was harmless. *See, e.g., Carrasco*, 537 F.2d at 378 (citing *Killian v. United States*, 368 U.S. 231, 240-44 (1961)); *Bosier*, 12 M.J. at 1014.

[4] Even in cases where the government acted in good faith or was otherwise blameless, the judge should apply the balancing test described above. *See generally Marsh*, 21 M.J. at 451-52. *See also Carrasco*, 537 F.2d at 376-78; *Bosier*, 12 M.J. at 1014.

discretion under these circumstances is no basis for relief under Article 62. *See Baker*, 70 M.J. at 288 ("[T]he question is not whether a reviewing court might disagree with the trial court's findings, but whether those findings are 'fairly supported by the record.'") (citation omitted). Indeed the law demands that we respect and defend the reasoned exercise of a trial judge's discretion in cases such as these and so we do here.

### CONCLUSION

Because the military judge's findings are fairly supported by the record and her decision to strike GP's testimony was well within her discretion and responsibility to administer the Jencks Act and R.C.M. 914, we hold that the judge did not abuse her discretion.

Accordingly, the appeal of the United States pursuant to Article 62, UCMJ, is DENIED.

Senior Judge LIND and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court